Robert Andrew
**RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–288–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 2, 1989.
Rehearing Denied March 16, 1989.

539

James W. Patterson, Catherine Greene Burnett, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of involuntary manslaughter. A jury found Appellant guilty and assessed his punishment at confinement for ten years in the Texas Department of Corrections. We affirm.

The evidence showed that on April 10, 1987, Houston Police Officers D.P. Jackson and Maria Michelle Groves were on routine patrol when they were notified of a traffic accident on the Katy Freeway. When the officers arrived at the scene of the accident, there was an overturned pickup truck, two patrol cars with flashing-rotating lights on, three wreckers and an ambulance. Officers Jackson and Groves were directed to control traffic on the opposite side of the freeway. They parked their patrol car across the left two lanes of the freeway with the overhead lights flashing. The officers put on their fluorescent or-

ange jackets and began putting flares across the highway and directing traffic to the right with their flashlights. The first few approaching cars slowed and moved to the right as directed. As the fifth car slowed and pulled to the right, Appellant's red Blazer passed it in the far left lane. Officer Jackson estimated the Blazer was travelling at approximately seventy-five miles an hour. Officer Jackson saw the Blazer heading directly towards them, and shouted to Officer Groves to "watch out". Officer Groves was struck by Appellant's Blazer, thrown 264 feet through the air, and knocked out of her boots and her socks. Officer Groves died of a broken neck, crushed chest and crushed abdomen.

The driver of the car Appellant passed immediately before hitting Officer Groves witnessed the incident, stopped and talked to investigating officers. He and Officer Jackson both formed the opinion that Appellant was intoxicated. Officer Green of the Houston Police Department DWI Task Force was then called to the scene to determine whether Appellant was intoxicated. When Officer Green asked Appellant to step out of his car, Appellant told Officer Green that "he knew he was legally drunk." Officer Green administered the Horizontal Gaze Nystagmus (HGN) field sobriety test. Appellant scored the highest attainable score on the HGN test, indicating that he was extremely intoxicated. Officer Green read Appellant his Miranda rights and Appellant then refused to take any further field sobriety tests. Appellant was arrested and taken to the police station. While in the DWI video room, Appellant told the officers that he would blow a .14 or a .16 if he was given a breath test; therefore, he refused to take any tests. Pursuant to TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(i) (Vernon Supp.1989), a blood sample was taken from Appellant at St. Joseph's Hospital and it was determined that Appellant's blood-alcohol level was .15.

Appellant asserts ten points of error on appeal. In his first point of error, he contends the trial court erred in denying his Motion to Quash the Indictment. Appellant maintains that he is entitled to notice of how the State intends to prove intoxi-cation and the indictment does not allege the substance with which he was intoxicated at the time of the offense.

We find the arguments propounded by Appellant applicable to prosecutions involving driving while intoxicated; however, they are not applicable to the charge of involuntary manslaughter. In a prosecution for the offense of involuntary manslaughter, the focus is on a death accidentally caused by driving a motor vehicle while intoxicated, not on the substance which causes the intoxication. The substance used to produce the intoxication is evidentiary only. Therefore, notice in the indictment of the exact substance used to produce the intoxicated state is not required. *Garcia v. State*, 747 S.W.2d 379, 381 (Tex.Crim.App.1988), *quoting, Vargas v. State*, 697 S.W.2d 496, 500 (Tex.App.— Corpus Christi 1985, no pet.). In an involuntary manslaughter prosecution, the State may show the use of *any* intoxicant because the statute only requires proof of intoxication. *Garcia v. State*, 747 S.W.2d at 381. Point of error one is overruled.

In his second point of error, Appellant asserts the trial court erred in admitting into evidence the results of the HGN test. Appellant contends the State failed to establish that the officer who testified regarding the results of the HGN test was qualified as an expert and the results of the HGN test should not have been admitted into evidence.

This court has previously considered this issue in *Howard v. State*, 744 S.W.2d 640 (Tex.App.—Houston [14th Dist.] 1987, no pet.). In *Howard* we held that HGN evidence is proper as to the issue of intoxication, but not as to precise blood-alcohol content, and that any lay witness may give an opinion as to intoxication. *Howard v. State*, 744 S.W.2d at 641. Point of error two is overruled.

In his third and fourth points of error Appellant asserts the trial court erred in not forcing the State to elect the theory it wanted to submit to the jury, in not submitting Appellant's requested charge on each theory as it was alleged in

the indictment, and in submitting a general verdict. Appellant complains that the submission of a general verdict makes it impossible to ascertain whether the jury found Appellant guilty because they found he was guilty of "reckless conduct," or because they found he was guilty of "intoxication." In essence, Appellant contends that the two paragraphs of the indictment alleged two separate offenses and that the State should have been required to elect which offense it would submit to the jury. The indictment reads as follows:

"[T]he Defendant, heretofore on or about April 10, 1987, did then and there unlawfully while intoxicated operate a motor vehicle and by accident and mistake cause his vehicle to collide with M.M. GROVES, hereafter styled the Complainant, causing the death of the Complainant by reason of the intoxication of the Defendant.

It is further presented that in Harris County, Texas, ROBERT ANDREW RICHARDSON, hereafter styled the Defendant, heretofore on or about APRIL 10, 1987, did then and there unlawfully, while operating a motor vehicle, did cause his vehicle to collide with M.M. GROVES, recklessly causing the death of M.M. GROVES, by operating his vehicle at a greater rate of speed than was reasonable and prudent under the existing conditions, by failing to keep a proper lookout for the Complainant who was a pedestrian, by driving and operating a motor vehicle upon a public highway while intoxicated and by failing and refusing to comply with a lawful order and direction of a police officer invested by law with authority to direct, control and regulate traffic."

We find that the indictment alleges two different modes of committing the single offense of involuntary manslaughter. It does not allege two separate offenses. The charge submitted to the jury must correspond to the allegations in the indictment which are supported by the evidence. *Zanghetti v. State,* 618 S.W.2d 383 (Tex.Crim. App.1981); *Creel v. State,* 710 S.W.2d 120, 130 (Tex.App.—San Antonio 1986), *affirmed,* 754 S.W.2d 205 (Tex.Crim.App.

1988); *Pimentel v. State,* 710 S.W.2d 764, 776 (Tex.App.—San Antonio 1986, pet. ref'd). Where there is sufficient evidence to support the submission of two theories of committing a single offense, the State is not required to elect only one theory for submission to the jury. *Vasquez v. State,* 665 S.W.2d 484 (Tex.Crim.App.1984), *overruled on other grounds,* 723 S.W.2d 746, 751 (Tex.Crim.App.1987); *Franklin v. State,* 606 S.W.2d 818, 821 (Tex.Crim.App. 1979); *Creel v. State,* 710 S.W.2d at 131. We find there is sufficient evidence to support a conviction under both theories. Points of error three and four are overruled.

In his fifth point of error, Appellant contends the trial court commented on the weight of the evidence by stating that Officer M.M. Groves was a pedestrian and by stating that Appellant refused to comply with a lawful order. He contends defense witnesses' testimony conflicts with the State's evidence that the officers were giving lawful orders and that Officer Groves was a pedestrian.

▆ A trial court should never give the jury an instruction which constitutes a comment on the elements of the alleged offense, or assumes a disputed fact. *Grady v. State,* 634 S.W.2d 316, 317 (Tex.Crim. App.1982); *Koffel v. State,* 710 S.W.2d 796, 802 (Tex.App.—Fort Worth 1986, pet. ref'd). A charge that assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous. *Whaley v. State,* 717 S.W.2d 26, 32 (Tex. Crim.App.1986).

In its instruction to the jury, the court gave the following charge:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 10th day of April, 1987, in Harris County, Texas, the defendant, Robert Andrew Richardson, did then and there unlawfully while intoxicated operate a motor vehicle and by accident or mistake collide said vehicle into the person of M.M. Groves, causing the death of M.M. Groves by reason of the intoxication of the Defendant; or if you find from the

evidence beyond a reasonable doubt that on or about the 10th day of April, 1987, in Harris County, Texas, the defendant, Robert Andrew Richardson, did then and there unlawfully, while operating a motor vehicle, did collide said vehicle into the person of M.M. Groves, recklessly causing the death of M.M. Groves, by operating his vehicle at a greater rate of speed than was reasonable and prudent under the existing conditions, by failing to keep a proper lookout for M.M. Groves who was a pedestrian, by driving or operating a motor vehicle upon a public highway while intoxicated or by failing or refusing to comply with a lawful order or direction of a police officer invested by law with authority to direct, control or regulate traffic, then you will find the defendant guilty of involuntary manslaughter as charged in the indictment. Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of involuntary manslaughter.

■ We hold that the words used did not constitute either a comment on the elements of the offense or an assumption of the truth of a controverted fact. We find that it was uncontroverted at the trial that Officer Groves was a pedestrian and that the officers were giving lawful orders. Further, the portion of the charge in which these phrases appeared were prefaced and modified by the charge, "if you find from the evidence beyond a reasonable doubt ...". Moreover, even if the charge was erroneous, in light of the charge as a whole, the evidence, and the arguments of counsel, the error, if any, was harmless. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (opinion on rehearing). Point of error five is overruled.

■ In point of error six, Appellant asserts the trial court erred in allowing Mr. Robert Slasher to testify after violating the Witness Rule.

The record shows that Mr. Slasher entered the courtroom while Officer Jackson was testifying. Mr. Slasher testified at the hearing held on this matter that at the time he entered the courtroom he had not been sworn as a witness. He stated that he entered the courtroom only to inform the prosecutor of his arrival at court. The prosecutor immediately directed him to leave the courtroom. Mr. Slasher stated that he recalled that Officer Jackson was on the witness stand but that he was only in the courtroom a couple of minutes and did not recall anything that Officer Jackson said.

Tex.Code Crim.Proc.Ann. art. 36.05 provides that, "[I]n no case where the witnesses are under the rule shall they be allowed to hear any testimony in the case." Tex. Code Crim.Proc.Ann. art. 36.05 (Vernon 1981). However, Mr. Slasher had not been sworn at the time he entered the courtroom and there is no showing that he heard the testimony of any witness. We find no violation of Article 36.05 and hold the trial court did not abuse its discretion in allowing Mr. Slasher to testify. Point of error six is overruled.

■ In his seventh point of error, Appellant maintains the trial court erred at the punishment phase by allowing evidence of a prior misdemeanor probation.

During the punishment phase of the trial, the State offered evidence that Appellant had received a previous conviction for driving while intoxicated and had successfully served a term of probation for that offense. Appellant objected to this evidence because it was a misdemeanor probation, rather than a final conviction, and it had occurred more than ten years prior to the offense for which he was on trial. The trial court overruled the objection and admitted the evidence of the prior DWI.

The fact that Appellant had previously been given probation for a DWI offense was obviously relevant information to present to the jury when considering Appellant's eligibility for probation. Article 6701*l*–1(i) precludes the use of a DWI conviction occurring prior to January 1, 1984, for *enhancement* purposes, with certain specified exceptions. Tex.Code Crim.Proc. Ann. art. 37.07, § 3(a) (Vernon Supp.1988), defines the admissible criminal record of a

defendant as "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged" and authorizes the State to offer such evidence at the punishment phase of trial. Therefore, the prior DWI was admissible as evidence of Appellant's prior criminal record. *Vaughn v. State*, 634 S.W.2d 310, 313 (Tex.Crim.App.1982); *Evans v. State*, 690 S.W.2d 112, 115 (Tex.App.—El Paso 1985, pet. ref'd); *Hunter v. State*, 640 S.W.2d 656, 659 (Tex.App.—El Paso 1982, pet. ref'd). Point of error seven is overruled.

In point of error eight, Appellant contends the trial court erred in allowing the State to call Mr. Charles Spinks and Mr. Gary Talmadge as witnesses when their names had not been provided in response to Appellant's Motion to List State's Witnesses.

Appellant's pretrial Motion to List State's Witnesses was granted by the trial court. At the hearing on the motion the trial court remarked that the motion "goes at least to the case in chief" and asked if the State had complied. The State replied that it had filed a subpoena list and would continue to allow its file to remain open in the case if it needed to call anyone else.

At the punishment phase, Mr. Spinks, the court clerk who was records custodian for the judgment and sentence for Appellant's prior DWI conviction, and Mr. Talmadge, the Sheriff's Deputy who took Appellant's fingerprints and compared them to those in the records of Appellant's prior DWI conviction, were called to introduce evidence of the judgment and sentence for that conviction. Appellant objected on the basis that they were not listed as witnesses. The trial court overruled the objection. The prosecutor advised the court that several months prior to trial he had provided defense counsel with a certified copy of this judgment and sentence and told him the State intended to introduce it at trial.

We find that these witnesses were not called as fact witnesses and that Appellant was not harmed by their omission from the witness list. Appellant had notice that the State intended to introduce the prior conviction and therefore was not surprised. The trial court did not abuse its discretion in allowing these witnesses to testify. Point of error eight is overruled.

In point of error nine, Appellant asserts the trial court erred in denying Appellant's Motion for Mistrial based on the State's alleged improper final argument.

The prosecutor made the following final argument at the punishment phase of the trial:

> How would probation or a light prison sentence justify the manner in which this young lady died. Most of all, what kind of message are you going to give these police officers who risk their lives daily, as she did, to protect you and me and everybody in our community?
> MR. PATTERSON: I would object to him putting the jury in the shoes of the victim. That is improper.
> THE COURT: Sustained.
> MR. PATTERSON: Your Honor, based on that argument, we would move for a mistrial.
> THE COURT: I'll instruct the jury to disregard the last comment of the prosecutor. I'll deny the Motion for Mistrial.

Appellant maintains that this argument improperly urged the jury to place itself in the shoes of the victim, her family and co-workers, and was a plea for the jury to respond to the expectations and demands of the community. We disagree.

A jury argument referring to the expectations or demands of the community for a particular result has been held to constitute reversible error which cannot be cured by an instruction to the jury to disregard. *Goocher v. State*, 633 S.W.2d 860, 864 (Tex.Crim.App.1982), *appeal dismissed*, 459 U.S. 807, 103 S.Ct. 32, 74 L.Ed. 2d 46 (1982); *Bothwell v. State*, 500 S.W.2d 128, 130 (Tex.Crim.App.1973). However, we find no error. Although the prosecutor may have been skating on thin ice, and without condoning this type of argument, we find that similar arguments have been found not to constitute reversible error. *Goocher v. State*, 633 S.W.2d at 864; *Hicks*

*v. State,* 545 S.W.2d 805, 810 (Tex.Crim. App.1977); *Brown v. State,* 508 S.W.2d 91, 96 (Tex.Crim.App.1974). Point of error nine is overruled.

■ In his final point of error, Appellant contends the trial court erred in denying his Motion for Mistrial based on the State asking the victim's partner to identify the family members of the victim who were present in the courtroom. During the guilt-innocence phase of the trial, the prosecutor questioned Officer Jackson as follows:

Q: Did Ms. Groves have a family?

A: Yes, sir.

Q: Brothers and sisters?

[Defense Counsel]: I would object to this. It has no relevance.

THE COURT: Sustained.

Q: Does she have family present in the courtroom?

[Defense Counsel]: I would object to that, Your Honor. That again is not relevant to any issue involved in this matter.

THE COURT: Sustained.

The prosecutor continued to question the witness for several minutes then the jury was removed, defense counsel made his motion for mistrial, and the trial court denied the motion.

We agree that it was improper for the State to attempt to gain the sympathy of the jury in this manner. However, the trial court sustained the objection and instructed the jury to disregard. We do not find the question to be of such a nature that the instruction could not cure any prejudicial effect on the jury. Therefore, we find the prompt instruction cured any possible error. *Le Blanc v. State,* 737 S.W.2d 865, 868 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd); *Norwood v. State,* 737 S.W.2d 71, 73 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). Point of error ten is overruled.

Accordingly, the judgment of the trial court is affirmed.