**Sharon Lee EMERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–039–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 14, 1993.

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Jacqueline A. Del Llano-Chapa, Asst. County Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GILBERTO HINOJOSA, JJ.

OPINION

NYE, Chief Justice.

A jury found appellant, Sharon Lee Emerson, guilty of the offense of driving while intoxicated, and the trial court assessed punishment at ninety days in jail, plus a $500 fine. Imposition of the jail sentence was suspended for two years. By a single point of error, appellant complains that the trial court erred in allowing testimony regarding the horizontal gaze nystagmus test as an indicator of intoxication. We affirm.

The State's evidence showed that before midnight on December 15, 1990, Officer Trevino came upon an automobile collision at the intersection of Doddridge and Alameda. At the scene, he saw an ambulance and two wrecked vehicles. Appellant

was the driver of one of the cars involved in the collision. When he approached the ambulance, he noticed a very strong odor of an intoxicating beverage and saw that the medical attendants were looking at appellant inside the ambulance. The medical attendants released appellant at the scene. Appellant kept telling Trevino that she was fine and that she just wanted to go home. However, Trevino noticed that her breath emitted an intoxicating odor, and he also noticed a strong smell of an intoxicating beverage coming out of her car. Another officer at the scene also detected alcohol coming from appellant's breath. Inside of her car, Trevino saw a large glass. The glass had residue left inside which smelled strongly of alcohol. Further, her car's floorboards were all wet and smelled of an intoxicating beverage.

At the collision scene, Trevino asked appellant to perform some field-sobriety tests, including the horizontal gaze nystagmus test (HGN test), the walk-and-turn, and the one-legged stand. He also asked appellant to count with her fingers and say the ABC's. Appellant correctly performed the finger-count test, but she failed the one-legged stand test. When she recited the ABC's, she started at "A" and went to "G." She jumped to "Q." Then, she went back to "H" and continued correctly. Trevino had to explain the walk-and-turn test to her three times before she understood it. When she tried to do the test, she was not able to stay in the "stand position." She had to keep her legs apart in order to maintain her balance and did not properly complete the test.

Trevino explained that when a driver takes the HGN test, he is required to follow the path of a moving object with his eyes while keeping his head and neck still. He also stated that the eyes instinctively look in the direction a person is facing. Forcing the driver to keep his head and neck still exploits the eyes' instinctive habit of returning to the face-front position. He stated that an intoxicated person's eyes will jerk very drastically in making these movements. He tested appellant in the *customary* fashion, watching for smooth pursuit of the moving object, especially at

forty-five degrees and at maximum deviation. Appellant's eyes showed the distinct, tell-tale jerks which indicated the loss of muscle control accompanying intoxication. After conducting these tests, Trevino decided to arrest appellant for driving while intoxicated. Trevino testified that he did not base appellant's alleged intoxication solely on the HGN test.

The defense elicited from Trevino that the HGN test was not one-hundred percent accurate and that he had never talked to a person with a concussion. Appellant testified that during the collision, she had hit her head on the windshield and had cut her forehead. She did not really recall the collision, and she barely recalled doing the field-sobriety tests. Appellant admitted to drinking wine prior to the collision, but she denied being intoxicated.

■ By her sole point of error, appellant complains that the trial court erred by allowing testimony on the HGN test as an indicator of intoxication. During trial, Officer Trevino testified that he had worked as a Bexar County sheriff's officer about one year and as a Corpus Christi police officer about two and one-half years. He had been trained in the detection of intoxicated persons at the Bexar County Sheriff's Office school, the Corpus Christi Police Academy, and afterwards, he received three days of advanced training at a state-approved school with the Bexar County Sheriff's Office. There, he received training in HGN testing and learned that this test was one of the best field-sobriety tests. Trevino testified that he was certified in this advanced training.

When the State's attorney asked Trevino to describe what the HGN test was, defense counsel objected, arguing that Trevino did not have the medical background and expertise to testify about what the eye movements meant and what the results might have meant. The trial court overruled the objection.

■ The special knowledge which qualifies a witness to give an expert opinion may be derived from specialized education, practical experience, or both. *See Hollo-*

*way v. State,* 613 S.W.2d 497, 501 (Tex. Crim.App.1981). The trial court has discretion to determine whether a witness is qualified as an expert. *Acosta v. State,* 752 S.W.2d 706, 710 (Tex.App.—Corpus Christi 1988, pet. ref'd). Officer Trevino testified about his advanced training concerning the HGN test. We hold that the trial court did not abuse its discretion by allowing Trevino to testify concerning the HGN test as an indicator of intoxication.

We note that other Texas courts have considered and rejected similar challenges to the admission of horizontal-gaze-nystagmus testimony. *See Finley v. State,* 809 S.W.2d 909, 914 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Lancaster v. State,* 772 S.W.2d 137, 138–39 (Tex.App.—Tyler 1988, pet. ref'd).

We overrule appellant's point of error and affirm the trial court's judgment.