**Dayne Marcus HUNT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–216–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1993.

**766**

Richard Trevathan, Trevathan & Huston, Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila, Joss Filiault, Asst. Dist. Attys., Houston, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr. and GILBERTO HINOJOSJA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant guilty of driving while intoxicated, and the trial court assessed punishment at 180 days in jail, probated for two years, and a fine of $350. By two points of error, appellant complains that the trial court erred by denying his motion for mistrial and by allowing the prosecutor to argue improperly before the jury. We affirm the trial court's judgment.

While appellant does not challenge the sufficiency of the evidence to support his conviction, he does raise points of error which require a brief recitation of the case's facts and history.

Shortly before 3:00 a.m. on September 10, 1991, Houston Police Sergeant Harford observed appellant driving a station wagon very closely behind another vehicle, flashing his lights and honking his horn. Ser-

geant Harford stopped appellant to investigate. After speaking with appellant, Harford believed appellant was under the influence of alcohol and requested that appellant perform certain sobriety tests. Harford administered, among other tests, the Horizontal Gaze Nystagmus (HGN) test and observed the involuntary jerking of appellant's eyes. Harford then placed appellant under arrest and transported him to the Houston Police Department Westside Command Station.

At the Westside Station, Officer Sealy accepted appellant from Harford, administered the HGN test to appellant, detected an odor of alcohol on appellant's breath, noticed that appellant's walk was unsteady, and determined that appellant was intoxicated. Officer Glover administered two intoxilyzer tests to appellant at 3:14 a.m. The first intoxilyzer test indicated that appellant had a blood alcohol content of .186, and the second test indicated that appellant had a blood alcohol content of .182. Glover also videotaped appellant.

By his second point of error, appellant complains that the trial court erred by allowing the prosecutor to base a jury argument on evidence of appellant's blood alcohol content when the trial court refused to charge the jury under the .10 paragraph.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. TEX.R.APP.P. 52(a). To preserve error committed during jury argument, a defendant must object until he obtains an adverse ruling. *Harris v. State,* 784 S.W.2d 5, 12 (Tex.Crim.App.1989); *Purtell v. State,* 761 S.W.2d 360 (Tex.Crim. App.1988). A defendant properly pursues a complaint to an adverse ruling by 1) objecting, 2) requesting an instruction to disregard, and 3) moving for mistrial. *Brooks v. State,* 642 S.W.2d 791, 798 (Tex. Crim.App.1982). A defendant may preserve error without timely objecting or requesting an instruction to disregard when the argument is so prejudicial that such an

instruction could not cure the harm. *Harris*, 784 S.W.2d at 12; *Motley v. State*, 773 S.W.2d 283, 293 (Tex.Crim.App.1989). Appellants bear the burden of presenting a sufficient record to show error which requires reversal. TEX.R.APP.P. 50(d).

■ In this case, appellant has not presented a record which shows that he objected to the trial court's ruling that the prosecutor could argue evidence of appellant's blood alcohol content. The entire colloquy is reproduced below.

Prosecutor: I understand your ruling that you made yesterday. However, I would contend that the evidence on a .18 as revealed by the intoxilyzer test is still relevant to show loss of normal use of mental and physical faculties. There is no requirement that extrapolation facts be on hand to relate back with a nontest paragraph. I intend to argue, unless the Court tells me otherwise, that the presence of a blood alcohol concentration of .18 at 3:14 when the subject was tested tends to establish or establishes that he had a certain amount of alcohol in his system at that time and tends to establish that he had lost the normal use of his mental and physical faculties that evening when he was driving.

Court: Gentlemen, let me tell you the way I understand the law west of the Mississippi. It is improper for a court to comment on the weight of the evidence, so I am disregarding it. You can argue it any way you want. You have got that prerogative. What I am suggesting is that the proffer of proof is insufficient to charge the jury on the issue of intoxication under the .10 paragraph. You can argue that any way you want to.

Prosecutor: I just wanted to clarify that.

Defense Counsel: It is my understanding then, Your Honor, that the Court will allow the prosecutor to argue to the jury the fact that the breath test was taken and Mr. Hunt scored a .18 even though the jury is not charged on that theory?

Court: Yes, sir. You can draw whatever conclusion you want from the Court's failure to charge the jury on that issue.

Defense Counsel: We would briefly—we would like to recall Mr. Roy Hunt who testified yesterday.

Appellant did not object when the prosecutor introduced evidence of the breath test during closing argument.

Appellant contends that he "made his wishes known to the trial court clearly enough for the judge to have understood him at a time when the trial court was in a position to do something about it." He argues that the exchange sufficiently preserved error, citing *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1992). We disagree.

In *Lankston*, the trial court overruled appellant's objection to hearsay evidence, and the Tenth Court of Appeals affirmed the conviction, holding the objection was too general to preserve error. *Id.* at 908. The Court of Criminal Appeals addressed preservation of trial court error in admitting evidence and wrote:

> The standards of procedural default, therefore, are not to be implemented by splitting hairs in the appellate courts. As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. Of course, when it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost. But otherwise, they should reach the merits of those complaints without requiring that the parties read some special script to make their wishes known.

*Id.* at 909. Applying this standard to the facts, the Court of Criminal Appeals held that both the trial judge and the prosecutor "understood Appellant's objection to be a complaint about testimony not falling with-

in the statutory hearsay exception for 'out-cry witnesses.'" *Id.* at 910.

The holding of *Lankston,* even if applicable to preservation of error committed during jury argument, militates against appellant's position. *Lankston* requires an appellant to communicate to the trial court a desire and a reason, the desire should be granted. In this case, the record does not indicate that appellant effectively communicated any desire either by objection, request, or other form of protest. Appellant merely asked the trial court if he understood the trial court's instructions. Under these facts, we find appellant failed to preserve any complaint concerning the use of intoxilyzer evidence during closing argument.

▇▇▇ Nevertheless, under *Harris,* we must still review the argument to see if it was so prejudicial that objection was not necessary to preserve error. We review the entire record in order to determine whether the jury argument was so prejudicial that it could not be cured by an instruction to disregard. *Willis v. State,* 785 S.W.2d 378, 385 (Tex.Crim.App.1989). A prosecutor may properly argue: 1) summation of the evidence, 2) reasonable deductions from the evidence, 3) answers to the arguments of opposing counsel, and 4) pleas for law enforcement. *Whiting v. State,* 797 S.W.2d 45, 48 (Tex.Crim.App. 1990). Evidence of alcohol concentration as shown by analysis of a specimen of the person's breath, blood, or urine is admissible in the trial of any criminal action arising under TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(a)(2). TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, § 3(a) (Vernon Supp.1993).

▇▇▇ The trial court charged the jury that it could only find appellant guilty if it found appellant had lost the normal use of his physical or mental faculties by the introduction of alcohol. Harford, Glover, and Sealy all testified about appellant's physical condition. Harford testified concerning the manner in which appellant operated his vehicle. All the officers testified that appellant's breath had a strong odor of alcohol. Sebastian Frommhold, a breath testing technical supervisor, testified about

the results of the intoxilyzer tests, and his testimony is part of the record. Dr. Matthew Noall, called by appellant, testified that a subject who scores .18 on the intoxilyzer would experience substantial impairment of physical and mental faculties.

The charge submitted to the jury required the State to prove that appellant's faculties were diminished by the introduction of alcohol. The State introduced evidence admissible under art. 6701*l*-5, § 3(a). The State could properly argue this evidence and reasonable deductions therefrom. The trial court did not err by allowing the State to argue the intoxilyzer results to the jury. We overrule appellant's second point of error.

By his first point of error, appellant complains that the trial court erred by denying his motion for mistrial after a State's witness stated that appellant's reaction to the HGN test indicated that his blood alcohol content was "at least .10."

▇▇▇ Error committed by admitting improper testimony is generally cured by an instruction to disregard. *Stoker v. State,* 788 S.W.2d 1, 13 (Tex.Crim.App. 1989). An instruction to disregard does not cure error when the question or testimony is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced in the jurors' minds. *Kelley v. State,* 677 S.W.2d 34, 36 (Tex.Crim.App.1984). HGN test results are admissible as qualitative but not quantitative evidence of intoxication. *Howard v. State,* 744 S.W.2d 640, 641 (Tex.App.— Houston [1st Dist.] 1987, no pet.).

▇▇▇ In this case, the trial court sustained appellant's objection and instructed the jury to disregard the response. This action cured the effect of the testimony. Furthermore, the jury was charged that it could find appellant guilty only if it found that appellant had lost the normal use of his physical or mental faculties. Appellant complains that the testimony that appellant's HGN test indicated a blood alcohol level over .10 prejudiced the jury's decision

on the issue of whether appellant suffered a loss of physical or mental faculties.

The witness could permissibly testify that the HGN test result directly indicated that appellant was intoxicated, but he could not testify that it indicated a specific blood alcohol content. The jury, however, also had substantial other evidence indicating appellant's blood alcohol level. The testimony appellant objects to was cumulative and harmless. We overrule appellant's first point of error.

We AFFIRM the trial court's judgment.