**Guy M. ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00336–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 4, 1993.

Timothy A. Hootman, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Patrick Stayton, Houston, for appellee.

Before COHEN, HUTSON–DUNN and HEDGES, JJ.

## OPINION

HEDGES, Justice.

We are asked to decide (1) whether the results of a Horizontal Gaze Nystagmus ("HGN") test should be admissible in a prosecution for driving while intoxicated, and (2) whether expert testimony is required to present such evidence. Holding that results of the HGN test are admissible and that the trial court did not err in admitting the test results through the nonexpert testimony of a policeman who was trained in the administration of the HGN test, we affirm.

At 1:30 a.m. on October 23, 1992, Houston Police Officer David Wilhite saw appellant's car speeding eastbound on the Katy Freeway near the Washington Avenue entrance. The officer stopped appellant after determining from his speedometer that appellant was driving at 95 miles per hour. Officer Wilhite detected a strong odor of alcohol on appellant's breath.

Officer Wilhite then asked appellant to perform several field sobriety tests. First, Officer Wilhite asked him to stand on one leg for 30 seconds, which appellant was unable to do. Twice appellant had to stabilize himself with his foot during the first 10 seconds of the test. Next, appellant performed the head tilt test, which indicates intoxication if the subject sways during the exercise. Offi-

cer Wilhite observed appellant sway back and forth approximately one and one-half inches during the test. Lastly, Officer Wilhite performed the HGN test on appellant.

The HGN test measures the eye's ability to follow the movement of an object. An object is moved steadily to one side of the subject's field of vision until the subject's eyes can no longer track the object smoothly. The greater amount of alcohol in a person's system, the earlier the person's eye will fail to track the object smoothly. A sober person will exhibit smooth eye movement up to a greater angle than an intoxicated person. Appellant demonstrated all the indicia of intoxication during the HGN test.

Based on appellant's driving speed, the strong odor of alcohol on his breath, and his poor performance during the field sobriety tests, Officer Wilhite determined that appellant was intoxicated and arrested him. Following a jury conviction for driving while intoxicated, the trial court assessed appellant's punishment at one year in jail, probated for two years, and assessed a fine of $650.

In point of error one, appellant complains that because the HGN test is a scientific test that is not generally accepted in the scientific community, the trial court erred in admitting evidence of the HGN test results. We disagree.

Although this Court has not addressed the reliability of the HGN test, other Texas appellate courts have found it to be a reliable indicator of intoxication. The use of HGN testing in DWI cases was first addressed by the Fourteenth Court of Appeals in *Howard v. State*, 744 S.W.2d 640, 641 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Acknowledging that no Texas cases had addressed the use of HGN testing, the *Howard* court reviewed the decisions of other states on this issue. *Id.* The *Howard* court relied on the Arizona Supreme Court's decision in *State v. Superior Court*, 149 Ariz. 269, 718 P.2d 171 (1986), to hold that HGN evidence is admissible on the issue of intoxication but not on precise blood alcohol content. 744 S.W.2d at 641. "In other words, the HGN results are admissible for qualitative—but not quantitative—purposes." *Id.*

Since the *Howard* opinion, other courts of appeals have accepted HGN test results as admissible evidence. *See, e.g., Hunt v. State*, 848 S.W.2d 764, 768–79 (Tex.App.—Corpus Christi 1993, no pet.); *Finley v. State*, 809 S.W.2d 909, 913–14 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *State v. Welton*, 774 S.W.2d 341, 344 (Tex.App.—Austin 1989, pet. ref'd); *Lancaster v. State*, 772 S.W.2d 137, 139 (Tex.App.—Tyler 1988, pet. ref'd). Joining these courts, we hold that the HGN test is reliable as an qualitative indicator of intoxication.

We overrule point of error one.

■ In point of error two, appellant asserts that the trial court erred in admitting nonexpert testimony regarding HGN test results because the HGN test is a scientific field of knowledge requiring expert testimony as a condition of its admission. He complains that the police officer who administered the HGN test should have been qualified in the scientific bases of the test, not just trained in administration of the test.

After testifying about appellant's performance on the first two field sobriety tests, Officer Wilhite testified that he gave appellant an HGN test. Before any evidence regarding the HGN test was introduced, appellant's attorney objected that the State should have established that the officer was an expert. The trial court agreed with the State that the prosecution's only burden was to establish that the officer had been trained in administering the HGN test.

Officer Wilhite then briefly described the training he had received in the administration of field sobriety tests, including the HGN test. On voir dire after further objection by appellant to his qualifications, Officer Wilhite testified in more detail about the special training he received in administering the HGN test.

■ In *Howard*, 744 S.W.2d at 641, the court held that because any lay witness may give an opinion about intoxication, the arresting officer could testify about the results of the HGN test without qualifying as an expert. *Accord, Finley*, 809 S.W.2d at 914. We agree and hold that a law enforcement officer who establishes that he or she is

trained in the administration of the HGN test is sufficiently qualified to testify about the results of an HGN test. Additional, more specialized qualifications are not necessary.[1]

We overrule point of error two.

We affirm the judgment of the trial court.

---

1. In *Emerson v. State*, 846 S.W.2d 531, 533 (Tex. App.—Corpus Christi 1993, pet. granted), the State introduced testimony about the administering officer's training and certification in field sobriety tests, including the HGN test. Holding that the trial court did not abuse its discretion in allowing the officer to testify about the HGN test results, the court noted that "[t]he trial court had discretion to determine whether a witness is qualified as an expert." We do not construe that statement as *requiring* expert testimony to introduce HGN test results. We therefore do not consider that *Emerson* is inconsistent with our present holding.