PEOPLE v BERGER

Docket No. 168973. Submitted December 5, 1995, at Lansing. Decided
June 14, 1996, at 9:10 A.M.

Arthur D. Berger was convicted by a jury in the 42-2 District Court,
Richard E. Cyrul, J., of operating a motor vehicle while under the
influence of liquor, second offense. The defendant appealed in the
Macomb Circuit Court, Michael D. Schwartz, J., challenging the dis-
trict court's admission at trial of testimony by the arresting police
officer regarding the administration of the horizontal gaze nystag-
mus (HGN) test, a field sobriety test. The circuit court affirmed the
defendant's conviction. The defendant appealed by leave granted.

The Court of Appeals held:

Nystagmus, an involuntary jerking of the eyeball while focusing
on an object gradually moving laterally, is an indicator of alcohol
consumption. The HGN test, when used to determine the presence
rather than the amount of alcohol in a test subject's system, has
gained general acceptance in the scientific community and is relia-
ble. The only foundation necessary for the introduction of evidence
of HGN testing is evidence that the test was properly performed and
that the person who administered the test was qualified to perform
it. Those foundational requirements were met in this case, and the
district court did not err in allowing the testimony concerning HGN
testing.

Affirmed.

INTOXICATING LIQUORS — OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLU-
ENCE OF LIQUOR — FIELD SOBRIETY TESTS — HORIZONTAL GAZE
NYSTAGMUS.

The horizontal gaze nystagmus test, as a field sobriety test to deter-
mine the presence but not the amount of alcohol in a test subject,
is generally accepted in the scientific community and is reliable;
evidence of such a test may be admitted in a prosecution for oper-
ating a motor vehicle while under the influence of liquor where it is
established that the test was properly administered by a qualified
person.

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *Carl J. Marlinga*, Prosecut-

ing Attorney, *Robert J. Berlin*, Chief Appellate Attorney, and *Benjamin F. Liston*, Assistant Prosecuting Attorney, for the people.

*Mihelich & Burkart* (by *Joseph E. Mihelich*), for the defendant on appeal.

Before: McDONALD, P.J. and WAHLS and D.B. LIEBER,* JJ.

PER CURIAM. Defendant appeals by leave granted the circuit court affirmance of his district court conviction of operating a vehicle while under the influence of liquor, second offense, MCL 257.625(5); MSA 9.2325(5). We affirm.

The only issue to be determined on appeal is whether the trial court erred in permitting the arresting police officer to testify regarding his administration of the horizontal gaze nystagmus (HGN) test. The HGN test is one of several field sobriety tests recommended by the National Highway Traffic Safety Administration to aid officers in determining whether a driver is intoxicated. *City of Fargo v McLauglin*, 512 NW2d 700 (ND, 1994). As noted by the Supreme Court of Arizona in *State v Superior Court*, 149 Ariz 269, 275; 718 P2d 171 (1986):

> Nystagmus is a well known physiological phenomenon, defined and described in such tomes as WEBSTER'S NEW COLLEGIATE DICTIONARY (1980), DORLAND'S ILLUSTRATED MEDICAL DICTIONARY (25th ed 1974), 7 ENCYCLOPAEDIA BRITANNICA, MICROPAEDIA (15th ed 1974) and STEDMAN'S MEDICAL DICTIONARY (5th Lawyer's ed 1982). That it can be caused by ingestion of alcohol is also accepted in medical literature.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Jerk nystagmus . . . is characterized by a slow drift, usually away from the direction of gaze, followed by a quick jerk of recovery in the direction of gaze. A motor disorder, it may be congenital or due to a variety of conditions affecting the brain, including ingestion of drugs such as alcohol and barbiturates, palsy of lateral or vertical gaze, disorders of the vestibular apparatus and brainstem and cerebellar dysfunction." THE MERCK MANUAL OF DIAGNOSIS AND THERAPY 1980 (14th ed 1982).

Horizontal gaze nystagmus is the inability of the eyes to maintain visual fixation as they move from left to right. *Superior Court, supra.* The HGN test has been in use for over forty years. The test was first used in California to detect the "barb bounce" in barbiturate users and later incorporated by police in drunken driving cases. Anno: Horizontal gaze nystagmus test: Use in impaired driving prosecution, 60 ALR4th 1130, 1131. In the HGN test, the subject holds the head still and covers or closes one eye while focusing the other on an object (e.g., a pen) held at eye level. As the object is gradually moved out of the subject's field of vision toward the ear, the officer is to look for involuntary jerking of the eyeball while it tracks the object. The test is repeated with the other eye. The onset of nystagmus is the indicator for alcohol intoxication. See, e.g., *Superior Court, supra* at 271.

Although the admissibility of HGN testing is an issue of first impression in this state, the issue has been addressed in several other jurisdictions with varying results.

Some courts have concluded that HGN testing is scientific evidence that unlike other field sobriety tests, is not grounded in common knowledge regarding the effects of alcohol on motor coordination, and is inad-

missible in the absence of evidence that the test has gained general acceptance in the relevant scientific community and that it is reliable. *People v Leahy*, 8 Cal 4th 587; 34 Cal Rptr 2d 663; 882 P2d 321 (1994); *State v Witte*, 251 Kan 313; 836 P2d 1110 (1992); *Sides v State*, 574 So 2d 859 (Ala, 1990); *State v Barker*, 179 W Va 194; 366 SE2d 642 (1988); *State v Borchardt*, 224 Neb 47; 395 NW2d 551 (1986); *State v Cissne*, 72 Wash App 677; 865 P2d 564 (1994); *Commonwealth v Moore*, 430 Pa Super 575; 635 A2d 625 (1993); *Commonwealth v Apollo*, 412 Pa Super 453; 603 A2d 1023 (1992); *State v Wheeler*, 764 SW2d 523 (Mo App, 1989); *Commonwealth v Miller*, 367 Pa Super 359; 532 A2d 1186 (1987); *State v Reed*, 83 Or App 451; 732 P2d 66 (1987); *People v Vega*, 145 Ill App 3d 996; 99 Ill Dec 808; 496 NE2d 501 (1986).

While acknowledging HGN tests are scientific evidence, several other courts have held that general acceptance and reliability of the test have been shown and, thus, require for admission only the foundation that the test was properly administered by a qualified person. E.g., *State v Garrett*, 119 Idaho 878; 811 P2d 488 (1991); *State ex rel Hamilton v City Court of Mesa*, 165 Ariz 514; 799 P2d 855 (1990); *State v Clark*, 234 Mont 222; 762 P2d 853 (1988); *Superior Court, supra; Anderson v State*, 866 SW2d 685 (Tex App, 1993); *People v Buening*, 229 Ill App 3d 538; 170 Ill Dec 542; 592 NE2d 1222 (1992); *State v Armstrong*, 561 So 2d 883 (La App, 1990).

Still other courts have characterized the HGN test, when used only to determine the presence of alcohol rather than the quantity of the amount present, not as "scientific evidence" but as merely another form of field sobriety testing. *City of Fargo, supra; Whitson v*

*State*, 314 Ark 458; 863 SW2d 794 (1993); *State v Sullivan*, 310 SC 311; 426 SE2d 766 (1993); *State v Edman*, 452 NW2d 169 (Iowa, 1990); *State v Murphy*, 451 NW2d 154 (Iowa, 1990); *State v Bresson*, 51 Ohio St 3d 123; 554 NE2d 1330 (1990); *State v Nagel*, 30 Ohio App 3d 80; 506 NE2d 285 (1986).

We agree with those cases that acknowledge the HGN test is scientific evidence and recognize the general acceptance and reliability of the test has been proved.[1] As the Supreme Court of North Dakota noted in *McLaughlin, supra* at 704:

> The Arizona Supreme Court's decision in *State v Superior Court* is the seminal case on admissibility of HGN test results. In that case, the lower court had received voluminous testimony on the scientific basis and reliability of the test. The Arizona Supreme Court also consulted numerous treatises, articles, and empirical studies discussing the scientific basis for the test, and compiled a lengthy bibliography of those sources. See *State v Superior Court*, 718 P2d at 182-184. Based upon the expert testimony and written authorities, the court concluded that the HGN test had gained general acceptance in the scientific community, and that it therefore satisfied the requirements of *Frye v United States*, 54 US App DC 46; 293 F 1013 (1923).

Because we agree the HGN test, when used to establish the presence of alcohol, has gained general

---

[1] We note this case does not involve the use of the HGN test to quantify the amount of alcohol present, but merely to determine its presence. We express no opinion regarding the use of the HGN test for such a purpose. The courts that have addressed the introduction of HGN testing evidence have been very careful to distinguish between the two types of information that can be obtained by use of the test. We are unaware of any court to date that has permitted the admission, as substantive evidence, of HGN test results to quantify blood alcohol level (BAC) in the absence of chemical analysis of BAC.

acceptance in the scientific community[2] and has satisfied the requirements of the *Davis-Frye* rule,[3] the prosecution was not required to present expert testimony concerning the validity of the test and the trial court did not err in failing to conduct a *Davis-Frye* hearing. We conclude the only foundation necessary for the introduction of evidence regarding the HGN test in Michigan is evidence that the test was properly performed and that the officer administering the test was qualified to perform it.

We find no abuse of discretion in the lower court's admission of the evidence. The officer testified about his training and no question was raised regarding the administration of the test.

Affirmed.

---

[2] Scientific acceptability of certain evidence may be judicially noticed in Michigan. See *People v Haywood*, 209 Mich App 217; 536 NW2d 497 (1995).

[3] *People v Davis*, 343 Mich 348; 72 NW2d 269 (1955); *Frye, supra.*