Affirmed and Memorandum Opinion filed June 12, 2003









Affirmed and Memorandum Opinion filed June 12, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00453-CR

____________

 

STEPHANIE RAE GALLEGOS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 183rd District Court

Harris County, Texas

Trial
Court Cause No. 869,578

 



 

M
E M O R A N D U M  O
P I N I O N

Appellant,
Stephanie Gallegos, was convicted by a jury of  murder and sentenced to life
imprisonment.  In four points of error,
appellant claims (1) the State improperly prosecuted her under the felony
murder doctrine; (2) the trial court erred in denying her request for a lesser
included offense; (3) the trial court erred in allowing testimony that
appellant appeared to be under the influence of a controlled substance; and (4)
the trial court erred in overruling appellant=s objection to hearsay testimony.  We affirm.

 








Background

Appellant
was charged with the murder of the complainant, a two-year old boy.  At the time of his death the complainant
lived with his father, Gilbert Garza, and the appellant, his father=s
girlfriend.  

On
January 31, 2001, the complainant received an eye examination.  The optometrist found no evidence of any
retinal hemorrhaging at the time.  The
following day, the complainant was left alone in appellant=s
custody.  Appellant claimed  complainant had been coughing and
wanted to lie down.  After complainant laid down, appellant noticed mucous around his mouth.  She then saw that his lips had turned blue
and he was no longer breathing.  She
attempted to revive the complainant and subsequently summoned neighbors.

The
Houston Fire Department responded to an emergency call from the residence,
where Captain Nathan Snowden discovered the complainant to be non-reactive with
dilated pupils.  He was immediately
transported to Texas Children=s Hospital, where he later died.  Doctor Doug Suell
testified that at the time the complainant arrived at the hospital, he was not
breathing or responding.  Pediatric
ophthalmologist, David Coats, testified that the complainant exhibited signs of
shaken baby syndrome, including swollen optic nerves, retinal detachment, and
hemorrhaging.  After an autopsy, Harris
County Assistant Medical Examiner, Patricia Moore, concluded that complainant
had been struck several times on the head and had been violently shaken.

Appellant
was indicted for felony murder.  The
indictment alleged appellant:

did
then and there unlawfully, intentionally and knowingly commit the felony
offense of injury to a child by shaking [the complainant], and while in the
course of and furtherance of the commission of said offense did commit an act
clearly dangerous to human life, to-wit: 
by striking [the complainant] with an unknown object and did thereby
cause the death of [the complainant].








It
is further presented . . . [appellant] did then and there unlawfully,
intentionally, and knowingly commit the felony offense of injury to a child by
striking [the complainant] with an unknown object, and while in the course of
and furtherance of the commission of said offense did commit an act clearly
dangerous to human life to-wit: by shaking [the complainant] and did thereby
cause the death of [the complainant].

 

A jury found appellant guilty and
sentenced her to life imprisonment.  This
appeal followed.

Felony
Murder Doctrine

In
her first point of error, appellant maintains that the State improperly
prosecuted her under the Afelony murder rule.@  See Tex. Pen. Code Ann.
'
19.02 (a)(3) (Vernon 1994). Specifically, appellant
argues that the acts forming the offense of injury to a child were the same
acts relied upon by the State to prove appellant=s commission of Aan act clearly dangerous to human life.@  As such, appellant contends the act
constituting the underlying felony and the act clearly dangerous to human life
merged, and therefore could not support a conviction for felony murder.  In support of this argument, appellant relies
on Garrett v. State, 573 S.W.2d 543 (Tex. Crim.
App. 1978). 

Texas
Penal Code section 19.02(b)(3) provides:

A
person commits an offense if he . . . commits or attempts to commit a felony,
other than manslaughter, and in the course of and in furtherance of the
commission or attempt, or in immediate flight from the commission or attempt,
he commits or attempts to commit an act clearly dangerous to human life that
causes the death of an individual.

 

Under
the plain language of the provision, any felony can serve as the underlying
felony, except manslaughter.  Johnson v. State, 4 S.W.3d 254 (Tex. Crim.
App. 1999).  Furthermore, the
Court of Criminal Appeals has specifically found that injury to a child may be
the underlying felony as it is not a lesser included offense to murder.  Id. at 256.  We decline appellant=s
invitation to ignore clear precedent on this issue.  Because this prosecution is not precluded by
the merger doctrine, appellant=s first point of error is overruled.

 








Lesser
Included Offense Charge

Appellant
next argues that the trial court erred in failing to give a jury charge on the
lesser included offense of reckless injury to a child.  In response, the State argues that appellant
has waived this point of error.  We
agree.

The
following discussion took place at the charge conference:

Defense:  I understand what the State is saying.  But I would request that the court exclude
[sic] a charge on reckless conduct.  I
think I understand the standard with regard to lesser included.  The jury makes the determination as to
whether it has any merits.  I think in
this particular case, Dr. Moore testified that there=s
absolutely no way to tell at what point in time the shaking will result in
death.  There=s
no way for an actor who=s engaging in
injury to say, AI=m
going to shake a child to death,@
there=s no point of
no return.  I think both of them stated
that.

Obviously, it=s
clear that you can shake a child and not kill a child.  That=s
obvious from the implication of their testimony.  I think there is some evidence on the issue
of reckless conduct and I think that under the test, that
some evidence should be given to the jury for its consideration.

Court:  Any response?

State:  I do, Judge. 
First of all, I want to clarify, what specifically is the lesser you=re
asking for?

Defense:  Reckless conduct.

Court:  Manslaughter is the correct term.

State:  I do not believe there has even been a
scintilla of evidence that if the Defendant is guilty, that she is guilty of
the offense of manslaughter.  So I would
object on that basis.

Court:  I=ll deny your
request.








It
is clear from this exchange that the State and court understood the defense=s
request to be for a charge on manslaughterCnot reckless injury to a child as argued on appeal.  It is well settled that even where a lesser
included offense is supported by the evidence, the failure of defense counsel
to request a charge on the offense, or properly object to its omission,
constitutes a waiver.  Kinnamon v. State, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990), overruled on other grounds, Cook v.
State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994)
(citing Moreno v. State, 702 S.W.2d 636 (Tex. Crim.
App. 1986).  In the absence of such a
request or objection, the error complained of is waived.  Id.

Appellant=s
second point of error is overruled.

Expert
Testimony

In
appellant=s third point, she claims the trial court reversibly erred in
overruling her objection to testimony that appellant appeared to be under the
influence of a controlled substance. 
Appellant argues that the witness was not qualified to provide expert
testimony.

Debbie
Belasquez, foster parent to appellant=s
child, testified regarding observations she made of appellant during
court-ordered visitations.  Specifically,
she testified as follows:

State:  Do you have an opinion about whether or not
you=ve
ever seen [appellant] in a situation, where, in your opinionBI
know you=re not an expert,
but in your opinion, you thought she was under the influence of something?

Defense:
Objection, this woman hasn=t
been qualified at all as a substance abuse expert or anything like that.

Court:  That=s
overruled.

State:  You can answer that.

Belasquez:  That was the first visit I had ever seen her,
you know, act real apprehensive and, you know, and maybe she could have very
well been.

 

Appellant
contends that the preceding testimony constitutes an opinion regarding her drug
usage and, as such, is prohibited under Smithhart
v. State, 503 S.W.2d 283 (Tex. Crim. App.
1973).  We disagree.








A
lay witness may testify as to opinions or inferences which are rationally based
on the perception of the witness and helpful to a clear understanding of her
testimony or the determination of a fact in issue.  See Tex.
R. Evid. 701.  Further, a lay
witness can give an opinion as to intoxication. 
Richardson v. State, 766 S.W.2d 538, 540 (Tex. App.CHouston [14th Dist.] 1989, pet. ref=d); Howard v. State, 744 S.W.2d 640, 641 (Tex. App.CHouston [14th Dist.] 1987, no pet.).   

Belasquez
was called to testify to her observations of appellant during court-ordered
visitation.  She observed appellant
acting Aapprehensively@
and noted that this may have been due to her being under the influence of
something.  Belasquez
was specifically asked to report on the visits, which she did and her testimony
falls within accepted lay witness opinion based upon her perceptions.  Smithhart,
relied on by appellant, is distinguishable. 503 S.W.2d
283.  Smithhart
had been charged with driving under the influence of drugs, thus making the
issue central to the conviction.  The Smithhart court reasoned that an inexperienced
police officer=s opinion testimony on whether a defendant was under the
influence of narcotics was not sufficient evidence to support the
conviction.  Id.
at 285.  It did not advance the
proposition that a lay witness could never testify to general observations of
intoxication.  Here, the witness did not
specifically testify to drug use, but rather to the unremarkable  proposition that appellant appeared to
be under the influence of Asomething.@  We find the testimony
admissible and overrule appellant=s third point of error.

Hearsay
Testimony

Appellant
contends in her fourth point of error, that the trial court erred in allowing
hearsay testimony of Texas Children=s Hospital medical social worker, Allison Leftin.  Leftin testified
that Gilbert Garza, the complainant=s father, had expressed concern about appellant inappropriately
disciplining the complainant.  Garza
previously testified he had no reason to believe appellant had mistreated the
complainant.  Defense counsel objected to
Leftin=s testimony on hearsay grounds. 
However, on appeal appellant argues the statements were hearsay and
were inadmissible to impeach Garza=s prior testimony because the State failed to lay the proper
predicate. 








To
preserve error for appellate review, the complaining party must make a timely,
specific objection. Tex. R. App. P. 33.1(a).  The policy underlying specific objections
serves two purposes: (1) a specific objection is required to inform the judge
of the basis of the objection and afford him an opportunity to rule
appropriately; and (2) a specific objection will allow opposing counsel an
opportunity to remove the objection or supply other testimony.  Villareal v. State,
811 S.W.2d 212, 217 (Tex.
App.CHouston [14th Dist.]
1991, no pet.).  The objection must be
made at the earliest possible opportunity and set forth the specific grounds
for the objection in order to preserve error. 
Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). 
Appellant=s trial counsel did not object to the testimony as improper
impeachment testimony. 

The
record reflects that at trial appellant made only a hearsay objection to Leftin=s testimony.  The State
countered appellant=s objections by limiting the statements for impeachment
purposes.  After the State limited the
statements for impeachment purposes, appellant had the further burden to make
the objection that she now makes on appeal. 
Appellant must have specifically objected to the fact that the State had
not satisfied the predicate requirements. 
She did not; therefore, error was waived.  Sandow v.
State, 787 S.W.2d 588, 595 (Tex. App.CAustin
1990, pet. ref=d).

Appellant points to Moore v. State, 652 S.W.2d 411 (Tex.
Crim. App. 1983), to support her contention that the
testimony should have been excluded.  While we agree that Moore addresses
the proper predicate for impeaching a witness with a prior inconsistent
statement, it does not address the issue of preservation of error.  The Moore court did not indicate the
extent of Moore=s objection, other than to call it a hearsay objection.  Further, the State in that case did not argue
waiver, but rather contended the testimony was admissible Abecause
it had the indicia of reliability that takes hearsay out of the general rule of
exclusion. . . .@  Id.
at 411.  Here, if appellant had
made a proper objection that the trial court could have sustained, the State
would have had the opportunity to remedy the defect by recalling Garza and
laying the proper foundation.  It was
appellant=s burden to make a proper objection and we find she failed to
do so.

 








Appellant=s
fourth point of error is overruled and the trial court=s
judgment affirmed.

 

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed June
12, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).