**Antonio P. QUESADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00260–CR.**

Court of Appeals of Texas, San Antonio.

May 25, 1988.

---

W. Michael Hervey, San Antonio, for appellant.

Fred G. Rodriguez, Ramona A. Albin, Mario Del Prado, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for the offense of driving while intoxicated. The defendant was found guilty in a trial before the court, and his punishment was assessed at confinement in jail for 30 days, probated for 2 years, and fine of $200.00. We affirm the conviction.

■ The first point of error is that the trial court erred in admitting a video tape of the defendant throughout which he repeatedly requested to consult with an attorney.

The prosecutor advised the court that he and defense counsel had entered into a stipulation as to the admissibility of the video tape. The defense counsel verified that the defense was so stipulating, and the court admitted the exhibit into evidence.

The defendant then stated, "I have an objection about that video. It was obtained under force and duress."

The court directed the defense counsel to confer with his client. Following a conference, the defense counsel again verified that they were stipulating to the admission of the video, and there was no further objection.

Since the defendant was not entitled to hybrid representation, the court was entitled to rely upon the statement of defense counsel that the admissibility of the video had been stipulated, and there was no objection. In the absence of a timely objection, no complaint is preserved for appellate review. TEX.R.APP.P. 52. The actual content of the video tape was irrelevant to its admissibility in view of the stipulation. Whether or not defense counsel should have stipulated will be discussed under point of error four. The first point is overruled.

Under the second point of error, the defendant challenges the sufficiency of the evidence to support the trial court's finding that the defendant was guilty of driving while intoxicated. The standard for reviewing the sufficiency of the evidence in a criminal case is to view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 97 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 563 (1979); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983).

■ The arresting officer testified that he stopped the defendant's vehicle after observing it swerve between lanes and drive over the curb several times. The officer testified that the defendant was belligerent, uncooperative and disrespectful, had red bloodshot eyes, smelled strongly of intoxicants and appeared to be off balance. The officer further testified he had seen the defendant drinking from a beer can prior to the stop, and he found a 16 ounce beer can in a pocket inside the driver's door. The officer stated that in his opinion, the defendant was intoxicated.

The defendant took issue with the officer's testimony by explaining that his behavior was attributable to his having taken medication to relieve the pain of a back injury. The trial court as the trier of facts had the prerogative to believe or disbelieve any of the testimony. As a reviewing court we must view the evidence in the light most favorable to the verdict. We find there is sufficient evidence upon which a rational trier of fact could have concluded beyond a reasonable doubt that the defendant was guilty of the crime charged. The second point of error is overruled.

Under point of error three the defendant contends that he was denied a fair and

impartial trial as guaranteed by the 6th Amendment to the United States Constitution, art. I, § 10 of the Texas Constitution and TEX.CODE CRIM.PROC.ANN. art. 1.03. Since this point of error is generic in nature, we must look to the argument. The first argument is a repetition of that presented under the first point of error concerning the admission into evidence of the video tape. The repetition is inappropriate and warrants no further comment. TEX.R.APP.P. 74(f).

■ The defendant then sets out a portion of the testimony. He had testified in his own behalf and tried to explain his erratic conduct as resulting from 3 tablets of pain medication that he took before going to sleep.

> THE COURT: And you get a phone call from your friend to go and pick him up and you get in your truck and you drive off?
>
> A: Yes, sir.
>
> THE COURT: You weren't concerned about your medication, the effect of the medication when you were driving?
>
> A: I am always concerned, sir.
>
> THE COURT: I don't want to hear any bullshit. I am asking you, did you have any concern about the medication and your driving on that night? If you had the surgery that you say you had and you were medicated that night and you fell asleep that night, are you going to tell me that you got a phone call from a friend at midnight and you're going to pick him up; and you simply dress up and go to pick him up?
>
> \* \* \* \* \* \*
>
> THE COURT: I find your story incredible. It is an incredible story.

The defendant concludes from the above that the trial court was predisposed to find him guilty as charged. It is just as reasonable to conclude that the trial court was making a sincere attempt to evaluate the theory of defense presented and found it unbelieveable.

The defendant cites no authorities for either contention under this point of error

that he was denied a fair trial. The point of error is without merit and is overruled.

■ Under this final point of error, the defendant contends that he was denied effective assistance of counsel. The standard to determine if a defendant had effective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). The defendant must show the counsel's performance was so deficient that he was not functioning as the counsel guaranteed by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense, i.e., that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. Additionally, the performance of counsel should be evaluated from his perspective at trial and every effort be made to eliminate the distorting effects of hindsight. The defendant must overcome the presumption that the challenged action might be considered sound trial strategy.

Specifically, the defendant complains of the failure to file pretrial motions, failure to request a jury trial, deficient cross-examination of the arresting officer and failure to suppress the video tape. The defendant makes no attempt to show how the lack of pretrial motions or a request for a jury trial resulted in denying him a fair trial.

■ In cross-examining the arresting officer, the defense counsel did establish that the accused's speech could be understood, that he apparently only drank 1 beer, and the trouble with his walking was attributable to not having his cane. This does not demonstrate deficient performance.

■ Failure of counsel to object to the video tape requires more extended examination. The video portion of the tape showed the defendant standing motionless with his hands on his hips and looking down. The defendant did not perform any sobriety tests while on camera. The audio portion of the tape begins with the defendant requesting an attorney. He is later asked if he had been drinking and if he was the driver of the car in question. He gave

no incriminating answers. When requested to perform the sobriety tests, he made no movement and continually asked for an attorney.

There is authority that evidence of a defendant exercising his constitutional rights may not be relied upon as evidence of guilt. *Rezac v. Texas,* 722 S.W.2d 32, 33 (Tex.App.—Dallas 1986, no pet.); *Powell v. State,* 660 S.W.2d 842, 845 (Tex.App.—El Paso 1983, no pet.).

 Police words or actions normally attendant to arrest and custody do not constitute interrogation. *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). A police inquiry of whether a defendant will take a blood alcohol test is not an interrogation inadmissible under *Miranda. South Dakota v. Neville,* 459 U.S. 553, 564, 103 S.Ct. 916, 923, 74 L.Ed.2d 748 (1983).

Though the police continued interrogation after the defendant invoked his right to counsel, the questions did not result in any incriminating response by the defendant. The manner in which the defendant spoke and objected to the officer's requests and inquiries did constitute some evidence of intoxication but this was not the sort of compulsive testimonial incrimination that is prohibited. *Schmerber v. California,* 384 U.S. 757, 765, 86 S.Ct. 1826, 1833, 16 L.Ed. 2d 908 (1966). The defendant's refusal to perform the sobriety test was not an act forced or coerced by the officers, and thus is not protected by either the fifth or sixth amendment. *South Dakota v. Neville,* 459 U.S. at 561–564, 103 S.Ct. at 921, 923. Arguably the defendant's lack of cooperation was some evidence of intoxication. His refusal to incriminate himself and repeated requests for counsel could just as easily been considered as evidence of lack of intoxication.

Though the defense counsel might have successfully suppressed some or all of the audio portion of the video tape, this would have necessitated a hearing before the trial judge and a viewing of the tape by the judge before the court could rule. Counsel may well have concluded that since there were no incriminating statements in the audio portion of the tape and since the video portion in all likelihood would not be suppressed, the best trial strategy was to stipulate to the admissibility of the tape. The defendant has failed to overcome the presumption that the challenged action might be considered sound trial strategy.

 Lastly, the defendant complains that his counsel did not call as a witness the individual riding in the car with the defendant at the time of his arrest. No showing is made as to the availability of the witness, what his testimony would have been, or how his absence prejudiced the defendant.

We feel that the defendant has failed to meet his burden of establishing deficient performance by his counsel and prejudice resulting from that performance as set out in *Strickland.* The fourth point of error is overruled.

The judgment of conviction is affirmed.