Michael Van **TOWNSEND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–90–00585–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 27, 1991.

Discretionary Review Refused Oct. 2, 1991.

J. Gary Trichter, Kimberly De La Garza, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before ROBERTSON, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction for driving while intoxicated. In seven points of error, appellant argues that the trial court erred in denying his motion to suppress because: (1) his consent to take an intoxilyzer test was improperly coerced; (2) all evidence was derived as a result of an illegal stop; and (3) statements made during his videotape skills test were inadmissible. We affirm.

The record reflects that, in the early morning hours of September 7, 1989, Officer Miles Scott, of the Houston Police Department, observed appellant in a car traveling westbound in the 8300 block of Westheimer in Houston. The officer testified that he saw appellant's car weave from the center lane to the left lane, and then, across traffic to the far right lane. Officer Scott stopped appellant and noticed that he smelled strongly of alcohol and his eyes were red and glassy. Appellant failed four field sobriety tests, so Officer Scott arrested appellant for suspicion of driving while intoxicated and transported him to the Westside Police Station where he was given an intoxilyzer test, which registered a .20 blood-alcohol concentration. He was also given a videotape skills test. After the trial court refused to suppress the test results, appellant entered into a plea agreement with the State of 180 days confinement in the Harris County jail, probated for two years, and a fine of $350.00. The

trial court gave appellant permission to appeal his ruling on the motion to suppress.

■ In his first two points of error, appellant contends that his consent to take the breath test was improperly coerced by the police and was, thus, involuntary. He argues that the breath test should have been suppressed under federal due process grounds, state due course of law grounds, and Code of Criminal Procedure. *See* TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1991). Appellant testified at the hearing on his motion to suppress that he was informed by the police officers that if he refused to complete the breath and videotape skills tests, he would be placed in jail, have his license suspended, and have D.W.I. charges filed against him. Officer Scott testified that he never told appellant he would be arrested or placed in jail if he did not take the tests.

■ Texas law provides that anyone who operates a motor vehicle on the public highways or beaches of this state is deemed to have consented to take a breath or blood test for the determination of alcohol concentration. TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, § 1 (Vernon Supp.1991); *Nebes v. State*, 743 S.W.2d 729, 730 (Tex. App.—Houston [1st Dist.] 1987, no pet.). However, in order for consent to be effective, it must be voluntary. *Turpin v. State*, 606 S.W.2d 907, 914 (Tex.Crim.App. 1980). The determination of the voluntariness of appellant's consent to a breath test is a question of fact for the fact finder. *Id.; McCambridge v. State*, 698 S.W.2d 390, 394 (Tex.App.—Houston [1st Dist.] 1985), *vacated on other grounds*, 712 S.W.2d 499 (Tex.Crim.App.1986).

Appellant asserts that his "consent" was coerced through the police officer's alleged statement that his failure to take a breath test would result in appellant being jailed, charged with driving while intoxicated, and the loss of his driver's license. Refusal to submit to a breath test or to provide a blood specimen may result in the suspension of the individual's driver's license for ninety days and the admissibility of the refusal if the individual is subsequently prosecuted. TEX.REV.CIV.STAT.ANN. art.

6701*l*–5, § 2(b) (Vernon Supp.1991). Thus, if accepted as true, appellant's version of the events indicate that Officer Scott misinformed appellant as to the consequences of a refusal to take a breath test. Appellant apparently argues that if he swears that the officer misstates, to any degree, the consequences of refusing a breath test and appellant relied on it, then his consent would be involuntary even if the officer denied such misstatement. *See Hall v. State,* 649 S.W.2d 627 (Tex.Crim.App. [Panel Op.] 1983); *Howard v. State,* 744 S.W.2d 640 (Tex.App.—Houston [14th Dist.] 1987, no pet.). We disagree with appellant's interpretation of the applicable law.

In *Hall,* the court of criminal appeals held that when there is conflicting evidence as to whether consent to take a breathalyzer test was fraudulently induced, the issue should be submitted to *the jury.* 649 S.W.2d at 628. In *Howard,* the arresting officer informed the defendant that the implied consent law extended to driving in parking lots. This court held that this was clearly a misstatement of the law and remanded the cause for a new trial. 744 S.W.2d at 641. Here, however, appellant presented his contention to the trial court at a hearing on his motion to suppress.

When admissibility of evidence turns on a question of fact, the trial court is the sole judge of the weight and credibility of the witnesses and is free to believe or disbelieve any or all of a witness' testimony. *Johnson v. State,* 803 S.W.2d 272, 287 (Tex. Crim.App.1990); *Clark v. State,* 548 S.W.2d 888, 889 (Tex.Crim.App.1977). Because the trial court is the sole fact finder, this court will not disturb any finding which is supported by the record. *Johnson,* 803 S.W.2d at 287. In reviewing a ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Clark,* 548 S.W.2d at 889. In effect, appellant is asking this court to weigh the conflicting evidence submitted to the trial court, to accept his version of the evidence, and to substitute our judgment for the trial court's. This, we cannot do. Absent a clear abuse of discretion, a trial court's ruling on the admissibility of evidence will not be disturbed. *Williams v. State,* 535 S.W.2d 637, 639–40 (Tex.Crim.App.1976); *Sosa v. State,* 769 S.W.2d 909, 915 (Tex.App.—Dallas 1989, no pet.).

Officer Scott testified at the hearing that he never told appellant that he would be arrested or jailed if he failed to take a breath test. The trial court was free to believe Officer Scott's testimony and to disbelieve appellant's. On cross-examination, appellant testified that Officer Lindsey, who performed the intoxilyzer test, requested that appellant submit a breath specimen to test its alcohol concentration. He also testified that Officer Lindsey informed him that a refusal to give a breath specimen would be admissible in a subsequent prosecution for D.W.I. and that his license could be automatically suspended for 90 days. After reviewing the statement of facts, we cannot say that the trial judge abused his discretion in finding that appellant voluntarily submitted to a breath test. The record supports the finding that appellant was advised of his rights under the statute and that consent to provide a breath specimen was freely and voluntarily given. *See Johnson,* 803 S.W.2d at 287.

Appellant also expends considerable effort in arguing that the State was required to prove his consent was voluntary by clear and convincing evidence. Appellant contends that his consent was merely an acquiescence to a claim of lawful authority and was, therefore, insufficient to satisfy the State's burden. *Meeks v. State,* 692 S.W.2d 504, 509 (Tex.Crim.App.1985); *see also Green v. State,* 594 S.W.2d 72, 74 (Tex.Crim.App.1980). Appellant's reliance on case law is misplaced.

■ *Meeks* involved a search of the trunk of a car at highway roadblock. 692 S.W.2d at 506. *Green* concerned the "voluntary" search of a hotel room. 594 S.W.2d at 74. The constitutional requirements for search of premises or of a vehicle have not been extended to the statutorily defined implied consent law and we decline to do so. We overrule appellant's first and second points of error.

■ In his third, fourth, and fifth points of error, appellant argues that the trial court erred in refusing to suppress all evidence derived as a result of an illegal stop made on less than probable cause. He asserts that suppression was required under U.S. CONST. amends. IV and XIV, TEX. CONST. art. I, § 9, and TEX.CODE CRIM.PROC. ANN. art. 14.01 (Vernon 1977). Specifically, appellant argues that Officer Scott made an illegal stop because appellant merely wove back and forth through three lanes and "weaving" does not constitute a traffic offense absent additional evidence that traffic or road conditions made it unsafe for him to move between the lanes. Probable cause, however, is not necessary to make a stop of a vehicle for investigative purposes.

■ Probable cause "merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief,' ... that certain items may be ... useful as evidence of a crime; it does not demand any showing that such a belief is correct or more likely true than false." *Esco v. State*, 668 S.W.2d 358, 365 (Tex. Crim.App.1982) (op. on reh'g) (quoting *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983)). An inarticulate hunch is insufficient to permit an officer to stop and detain a person for investigation; however, the fourth amendment does not prevent a police officer, in appropriate circumstances, from stopping and detaining an individual "to investigate suspected criminal behavior even though there is *not* probable cause to make an arrest." *Hernandez v. State*, 523 S.W.2d 410, 411 (Tex.Crim.App.1975) (citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)) (emphasis added). Police officers may briefly stop an individual to determine his identity or to maintain the status quo while obtaining more information. An occupant of an automobile is just as subject to a brief detention as is a pedestrian. *Gearing v. State*, 685 S.W.2d 326, 328 (Tex.Crim.App.1985) (citing *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)).

Circumstances short of probable cause for an arrest justify a temporary detention for investigative purposes because an investigation is considered to be a lesser intrusion upon the individual. *Id.; Leighton v. State*, 544 S.W.2d 394, 395 (Tex.Crim. App.1976). To determine whether an officer was justified in making such an intrusion upon the freedom of the person detained, the court must find that the officer, in light of his experience and general knowledge, "had specific and articulable facts which taken together with rational inferences from those facts would reasonably warrant the intrusion on the freedom of the person stopped for further investigation." *Hernandez*, 523 S.W.2d at 411. As stated by the court of criminal appeals:

> There must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime.

*Johnson v. State*, 658 S.W.2d 623, 626 (Tex. Crim.App.1983).

Here, Officer Scott observed appellant weave back and forth across three lanes in the 8300 block of Westheimer at approximately 2:00 a.m. We hold that appellant's driving behavior was sufficient to raise a reasonable suspicion of driving while intoxicated in the mind of a reasonable police officer. Indeed, it can reasonably be argued that one of the functions of patrol officers is to investigate what they reasonably perceive to be erratic or unsafe driving by motorists on public streets. Upon leaving his vehicle, Officer Scott noticed that appellant's eyes were glassy, there was a strong odor of alcohol on his breath, and appellant failed four field sobriety tests. At this point, Officer Scott had sufficient probable cause to arrest appellant. We overrule appellant's third, fourth, and fifth points of error.

■ In his remaining two points of error, appellant argues that the trial court erred in refusing to suppress statements made during custodial interrogation in violation of his fifth amendment right to coun-

sel. Appellant contends that he informed both the arresting officer and the intoxilyzer officer that he wanted to talk with a lawyer. It is undisputed that appellant did not request an attorney while in the video room. He now argues that *any* statement made during his subsequent videotape skills test should have been suppressed after the video operator initiated further discussion. *See Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant has not specified to this court, or to the trial court, exactly what statements should have been suppressed. Instead, appellant seems to argue that the entire videotape was inadmissible because of the alleged violation of his fifth amendment right to counsel.

▆▆▆▆ Interrogation under *Miranda* refers to express questioning, along with any words or actions on the part of the police, other than those normally attendant to arrest, that the police should know are reasonably likely to elicit incriminating responses. *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980); *Quesada v. State,* 751 S.W.2d 309, 313 (Tex.App.—San Antonio 1988, no pet.). The fifth amendment protects against testimonial communications. *Schmerber v. California,* 384 U.S. 757, 765, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966). A compulsion that makes an accused a source of real or physical evidence does not violate the fifth amendment. *Id.* at 764, 86 S.Ct. at 1832. Evidence such as a person's voice, demeanor, or physical characteristics is outside the scope of protection against self-incrimination. *Sims v. State,* 735 S.W.2d 913, 917 (Tex.App.—Dallas 1987, pet. ref'd). Inquiries by the custodial officer regarding a defendant's name, address, height, weight, place of employment, or physical disabilities are the type of questions normally attendant to arrest and custody and do not constitute interrogation under the fifth amendment. *Id.* Visual depictions of a sobriety test are not testimonial in nature and, therefore, do not offend the federal or the state privilege against self-incrimination. *Miffleton v.*

*State,* 777 S.W.2d 76, 80–81 (Tex.Crim.App. 1989).

Potential harm associated with statements made by a D.W.I. suspect during videotaping, such as invocation of right to counsel, are generally solved by suppressing the audio portion of a videotape. *See e.g., Hardie v. State,* 807 S.W.2d 319, 322 (Tex.Crim.App.1991); *Miffleton,* 777 S.W.2d at 81. However, we are not presented with the issue of a jury hearing incriminating statements made during videotaping, because appellant entered a plea of nolo contendere to the trial court.

Here, appellant testified that he understood all his rights as read to him by the videotape officer, but did not request an attorney. Officer Sealy, the video operator, testified that he heard no conversations between appellant and any other police officers at the Westside Station, nor did appellant make a request for an attorney in his presence. The video verifies that appellant stated he understood his rights and did not request an attorney. As previously stated, admissibility of evidence at a hearing on a motion to suppress is solely within the province of the trial court and his ruling will not be reversed absent a clear abuse of discretion. *Williams,* 535 S.W.2d at 639–40. We hold that the trial court did not abuse his discretion in denying appellant's request to suppress the videotape. Appellant failed to request an attorney during the videotaping and waived that right when asked by Officer Sealy. The trial court was free to disbelieve appellant's assertion that he had previously requested an attorney prior to videotaping. *Clark,* 548 S.W.2d at 889.

Appellant's bare assertion that he requested an attorney in the hall before entering the video room places the officer responsible for videotaping in an untenable position. On the one hand, appellant failed to request an attorney in his presence, so the officer continued with the videotaping. Had appellant requested a lawyer, all questioning not normally attendant to custody and arrest should have ceased. On the other hand, appellant now contends on appeal that Officer Sealy should not have

asked *any* questions because appellant had previously requested an attorney, a request not communicated to Officer Sealy, even though Sealy informed appellant that he had a right to an attorney. We overrule appellant's sixth and seventh points of error.

Accordingly, we affirm the judgment of the trial court.