NUMBER 13-03-040-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ANDREW SCOTT WINTERS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Criminal Court at Law No. 5


 of Harris County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 


 Appellant, Andrew Scott Winters, was charged with the misdemeanor offense of
driving while intoxicated, (1) enhanced by a prior felony conviction. After the trial court denied
his motion to suppress, appellant pled guilty, pursuant to a plea agreement, to the offense
and "true" to the enhancement paragraph. The trial court found appellant guilty, found the
enhancement allegation "true," and sentenced appellant to thirty days in jail. In a single
issue, appellant contends that the trial court erred in overruling his motion to suppress
because the arresting officer was not justified in stopping his vehicle. We affirm.

 As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.

 The record contains the trial court's certification that this "is a plea-bargain case, but
matters were raised by written motion filed and ruled on before trial, and not withdrawn or
waived, and the defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2).

 A trial court's ruling on a motion to suppress is generally reviewed for abuse of
discretion. See Ford v. State, 26 S.W.3d 669, 672 (Tex. App.-Corpus Christi 2000, no
pet.) (citing Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)). In a suppression
hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses
and the weight to be given to their testimony. State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999). In reviewing a trial court's ruling on a motion to suppress, we afford
almost total deference to the trial court's determination of the historical facts that the record
supports, especially when the trial court's findings turn on evaluating a witness's credibility
and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same amount of
deference to the trial court's ruling on "application of law to fact questions," also known as
"mixed questions of law and fact," if resolving those ultimate questions turns on evaluating
credibility and demeanor. Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d. at 89. However,
we review de novo questions of law and "mixed questions of law and fact" that do not turn
on an evaluation of credibility and demeanor. Ross, 32 S.W.3d at 856; Guzman, 955
S.W.2d. at 89. Where, as here, no findings of fact are filed by the trial court, "we view the
evidence in the light most favorable to the trial court's ruling and assume that the trial court
made implicit findings of fact that support its ruling as long as those findings are supported
by the record." Ross, 32 S.W.3d at 855. Because the issue in this case does not involve
a disagreement about the facts or credibility of the witness, but rather whether the officer
had either probable cause or a reasonable suspicion to stop Winters, we review the trial
court's ruling de novo. See id. at 856; Guzman, 955 S.W.2d at 89. If the judge's decision
is correct on any theory of law applicable to the case, the decision will be sustained. See
Ross, 32 S.W.3d at 855-56. In the context of driving while intoxicated investigatory
detentions, the totality of the circumstances test is the current reasonableness standard
for reviewing warrantless arrests. Cerny v. State, 28 S.W.3d 796, 798 (Tex. App.-Corpus
Christi 2000, no pet.)

 A police officer may stop and briefly detain a person for investigative purposes if the
officer has a reasonable suspicion supported by articulabe facts that criminal activity may
be afoot, even if the officer lacks evidence rising to the level of probable cause. See Terry
v. Ohio, 392 U.S. 1, 29-30 (1968); Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997); Cerny, 28 S.W.3d at 800. This "reasonable suspicion" requires "that there is
something out of the ordinary occurring and some indication that the unusual activity is
related to crime." Davis, 947 S.W.2d at 244 (quoting Viveros v. State, 828 S.W.2d 2, 4
(Tex. Crim. App. 1992)). The reasonableness of a stop turns on the totality of the
circumstances present in each case. See Cerny, 28 S.W.3d at 800. However, if an actual
violation of law is observed, there is probable cause for the traffic stop, and law
enforcement officials are free to enforce the laws and detain a person for that violation. 
See McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); Garcia v. State, 827
S.W.2d 937, 944 (Tex. Crim. App. 1992); Cerny, 28 S.W.3d at 800. However, in
determining whether a traffic violation has been committed, the principles of Terry apply,
just as they do to other crimes. Drago v. State, 553 S.W.2d 375, 377-78 (Tex. Crim App.
1977); Cerny, 28 S.W.3d at 800. The standard is an objective one: there need only be an
objective basis for the stop; the subjective intent of the officer conducting the stop is
irrelevant. Garcia v. State, 43 S.W.3d 527, 530 (Tex.Crim. App. 2001). An objectively
valid stop may be upheld even if made for an improper reason. See Walter v. State, 28
S.W.3d 538, 543 (Tex. Crim. App. 2000). The court's review is not limited to the violations
an officer lists in making the stop; the test is whether the articulated facts about which the
officer testified would, in light of the officer's experience and personal knowledge, together
with inferences from those facts, warrant a reasonable person to believe that a violation
had occurred. See Garcia, 43 S.W.3d at 530; Davis, 947 S.W.2d at 242-43.

 When an officer stops a defendant without a warrant and without the defendant's
consent, the State has the burden at a suppression hearing of proving the reasonableness
of the stop. Cerny, 28 S.W.3d at 800 (citing Russell v. State, 717 S.W.2d 7, 9-10 (Tex.
Crim. App. 1986)). 

 Appellant argues that there was no probable cause or reasonable suspicion to stop 
his vehicle because there was no evidence that he failed to drive in a single marked traffic
lane when it was unsafe to do so. See Tex. Trans. Code Ann. § 545.060(a) (Vernon
1999). Appellant argues that because there was no evidence or testimony that his actions
were unsafe, the evidence does not support a finding that the arresting officer had a
reasonable belief that he violated section 546.060(a) of the transportation code. See id.

 Section 546.060(a) of the transportation code provides:

(a) An operator on a roadway divided into two or more clearly marked lanes
for traffic:


(1) shall drive as nearly as practical entirely within a single lane; and


(2) may not move from the lane unless that movement can be made safely.


Id. 

 The only witness to testify at the hearing on appellant's motion to suppress was the
arresting officer, Deputy Troy Stewart of the Harris County Constable's Office. Deputy
Stewart testified that around 2:00 a.m. on September 12, 2002, he observed appellant's
vehicle traveling eastbound in the center lane of a three-lane roadway. Stewart testified
appellant's vehicle failed to "stay within the dividing lines of the solid line or the stripy [sic]
line that separates the traffic on the roadway." According to Stewart, appellant's vehicle
crossed into another lane of traffic going in the same direction "several times." Although
Stewart activated his emergency lights and siren, appellant's vehicle continued for
approximately three quarters of a mile to a mile before it pulled over. Stewart testified that
based on his training and experience as a police officer, he believed the appellant could
have been "under the influence of an alcoholic beverage or impaired." 

 In support of his argument that there is no evidence his actions were unsafe and
thus, no evidence he violated section 545.060(a), appellant cites this Court's opinion in
Cerny. Our decision in Cerny relied on Hernandez v. State, 983 S.W.2d 867, 871 (Tex.
App.-Austin 1998, pet. ref'd), and State v. Tarvin, 972 S.W.2d 910, 912 (Tex. App.-Waco
1998, pet. ref'd), in finding no "reasonable suspicion" to believe section 545.060(a) had
been violated. See Cerny, 28 S.W.3d at 801. In Cerny, we held that weaving somewhat
in one's own lane of traffic, without more evidence indicating that such movement was
unsafe, did not furnish the officer with reasonable suspicion to believe the defendant was
violating section 545.060(a). See id. 

 In Hernandez, the officer observed the defendant drift partially from the right lane
into the adjacent left lane going in the same direction. See Hernandez, 983 S.W.2d at 868-69. The officer testified the vehicle crossed into the adjacent lane about eighteen inches
to two feet. See id. He testified the lane change was unsafe because "[i]t was failing to
maintain a single-marked lane." He also testified that the lane-change was the only reason
he stopped Hernandez. See id. 

 In Tarvin, the officer testified he observed the defendant's vehicle drift over the white
line at the right-hand side of the road two or three times. See Tarvin, 972 S.W.2d at 910-11. The officer testified he stopped the defendant because his vehicle crossed over the
white line. See id. at 912. The Waco court concluded that the evidence did not support
a finding that the officer had a reasonable suspicion that the defendant had violated
section 545.060(a). See id.

 At the suppression hearing, Deputy Stewart testified that he had ten years'
experience as a police officer, was licensed in field sobriety, and was trained to spot
behavior patterns leading to a belief that a person is intoxicated. He testified that after he 
observed appellant crossing the lane marker several times, he activated his emergency
siren and lights and pulled appellant over. He testified that he understood that a violation
of the transportation code occurred if a vehicle failed to stay within a single lane, regardless
of whether such failure was safe or unsafe. Deputy Stewart also testified that based on
his training, experience, and education as a police officer, appellant's crossing the lane
marker several times and his failure to stop within three quarters of mile to a mile (2) led him
to believe that appellant "could be under the influence of an alcoholic beverage or
impaired." 

 We conclude that Cerny, Hernandez, and Tarvin are distinguishable from the
present case. Unlike the present case, in those cases, there was no evidence that the
officer stopped the defendant because the officer believed the defendant was intoxicated. 
See Cerny, 28 S.W.3d at 799; Hernandez, 983 S.W.2d at 870; Tarvin, 972 S.W.2d at 912. 

 We conclude it is unnecessary for us to determine whether Stewart had a
reasonable belief that appellant had violated section 545.060 of the transportation code. 

Here, appellant was observed crossing the lane marker "several times" at 2:00 a.m. 
Stewart testified that he believed appellant could be driving while intoxicated or otherwise
impaired. Viewing the record, as we must, in the light most favorable to the trial court's
ruling, see Guzman, 955 S.W.2d at 89, we find that, based on the totality of Stewart's
testimony as to the facts and the rational inferences to be drawn from those facts,
appellant's driving behavior was sufficient to justify the officer in stopping appellant based
on a reasonable suspicion that appellant was driving while intoxicated. See Townsend v.
State, 813 S.W.2d 181, 185 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd) (finding
evidence sufficient to raise reasonable suspicion of driving while intoxicated where officer
observed appellant's vehicle weaving across three lanes of traffic at 2:00 a.m.). 

 We overrule appellant's issue and AFFIRM the judgment of the trial court.



 

 LINDA REYNA YAÑEZ

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed this the

27th day of August, 2004.

1. See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). 
2. We note that in our analysis of the circumstances, we do not rely on Stewart's testimony that
appellant's failure to pull over for three quarters of a mile to a mile contributed to his suspicion that appellant
was intoxicated or impaired. When Stewart activated his emergency lights and siren, he had already made
a decision to stop appellant's vehicle. Thus, we consider only his testimony regarding the events prior to the
time he activated his emergency lights and siren.