Affirmed and Memorandum Opinion filed October 13, 2005















Affirmed
and Memorandum Opinion filed October 13, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.14-04-00958-CR

____________

 

JACOBO IVAN AVILES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal Court at Law No. 8

Harris County,
Texas

Trial Court Cause No. 1231367

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Jacobo Ivan Aviles, was
arrested and charged with the misdemeanor offense of driving while intoxicated
(DWI).  Following a hearing, the trial
court denied his motion to suppress evidence and imposed a sentence of a $700
fine and one year imprisonment, probated for two years.  Appellant=s sole issue is that
the trial court erred in denying his motion to suppress evidence.  Specifically, appellant claims that the
arresting officer violated his Fourth and Fourteenth Amendment rights by
pulling him over without reasonable suspicion. 
We affirm.

 








Background

At approximately 2 a.m. on April 16, 2004,
Officer William Lindsey of the Houston Police Department=s DWI Task Force
saw appellant drive straight through a green light with his turn signal
on.  Officer Lindsey saw appellant weave
in and out of his lane, at which point the officer activated his on-board video
camera, made a u-turn, and began to follow appellant.  Appellant eventually turned into a driveway
and parked behind a restaurant that had closed for the night.  At that point, Officer Lindsey followed
appellant into the parking lot and approached appellant=s car.

Officer Lindsey testified at the
suppression hearing that, upon approaching appellant=s car, he
immediately noticed a strong smell of alcohol and that appellant spoke with
slow, deliberate speech.  The officer
then administered field sobriety tests, which appellant failed.  Appellant was arrested and charged with DWI.

Reasonable Suspicion 

Appellant argues that the trial court
erred in denying his motion to suppress because the State failed to show that Aa reasonable
suspicion of criminal activity existed@ to detain the
appellant.  We disagree.  

We review a trial court=s denial of a
motion to suppress under an abuse of discretion standard.  Balantine v. State, 71 S.W.3d  763, 768 (Tex. Crim. App. 2002).  In a hearing on a motion to suppress, the
trial court is the sole trier of fact and the sole judge of witnesses= credibility and
the weight to be given to their testimony. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). [1]








A police officer may stop and briefly
detain a citizen for investigative purposes, even if the officer lacks probable
cause, if the officer has a reasonable suspicion supported by articulable facts
that criminal activity may be taking place.  Terry v. Ohio, 392 U.S. 1, 30
(1968); see also Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App.
1997).  In Woods, the Court of Criminal
Appeals held that

the reasonableness of a temporary
detention must be examined in terms of the totality of the circumstances and
will be justified when the detaining officer has specific articulable facts,
which taken together with rational inferences from those facts, lead him to
conclude that the person detained actually is, has been, or soon will be,
engaged in criminal activity.  

956 S.W.3d at
38.

Here, we find that the totality of the
circumstances gave Officer Lindsey reasonable suspicion to briefly detain
appellant.  These circumstances include
appellant=s misuse of his turn signal, his erratic
driving, pulling into the back of a closed restaurant late at night, and the
smell of alcohol that Officer Lindsey perceived when he approached appellant=s car.  This court has previously held that weaving
across traffic lanes is sufficient to give rise to a reasonable suspicion of
intoxication, even if the weaving itself is not criminal.  See Held v. State, 948 S.W.2d 45, 51
(Tex. App.CHouston [14th Dist.] 1997, pet. ref=d); Townsend v.
State, 813 S.W.2d 181, 185 (Tex. App.CHouston [14th
Dist.] 1991, pet. ref=d); see also James v. State, 102
S.W.3d 162, 172 (Tex. App.CFort Worth 2003,
pet. ref=d); McQuarters
v. State, 58 S.W.3d 250, 255 (Tex. App.CFort Worth 2001,
pet. ref=d); Raffaelli
v. State, 881 S.W.2d 714, 716 (Tex. App.CTexarkana 1994,
pet. ref=d). 








Appellant=s reliance on
cases stating that failure to maintain a single lane of traffic, without proof
of unsafe driving, is not a ticketable offense is misguided. See Bass v.
State, 64 S.W.3d 646, 650 (Tex. App.CTexarkana 2001,
pet. ref=d); Aviles v.
State, 23 S.W.3d 74, 77-78 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d); Hernandez v. State, 983 S.W.2d
867, 868 (Tex. App.CAustin 1998, pet ref=d).  Officer Lindsey suspected that the criminal
activity taking place was drunk driving, not simply unsafe driving.  These cases, therefore, do not apply.  Weaving in and out of or within lanes of
traffic, which is what appellant did according to Officer Lindsey=s testimony at the
suppression hearing, is indeed indicative of driving while under the influence
of alcohol.  Given the totality of the
circumstances, we find that the officer=s reasonable
suspicion that criminal activity was taking place was supported by articulable
facts.  See Terry v. Ohio,
392 U.S.
at 30; Woods, 956 S.W.2d at 38. 
Therefore, the  trial court did
not abuse its discretion in overruling appellant=s motion to
suppress.  We affirm the judgment of the
trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 13, 2005.

Panel
consists of Chief Justice Hedges, Justice Anderson, and Senior Justice Mirabal.[2]

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 

 

 











[1]  This is not a case
in which there are mixed questions of law and fact that do not turn upon the
evaluation of credibility and demeanor; therefore, we do not review the trial
court=s ruling de novo pursuant to Guzman v. State,
as appellant urges us to.  955 S.W.2d 85,
87-88 (Tex. Crim. App. 1997).





[2]  Senior Justice
Margaret Mirabal sitting by assignment.