Affirmed and Memorandum Opinion filed June 29, 2006









Affirmed and Memorandum Opinion filed June 29, 2006.

 

                        

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00565-CR

____________

 

DARRELL EDWARD REDMON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the County Court of Chambers County

Chambers County,
 Texas

Trial Court Cause No. 23113-04

 

 

 

M E M O R
A N D U M   O P I N I O N

            After the
trial court denied his motion to suppress, appellant Darrell Edward Redmon
pleaded guilty to driving while intoxicated.  In a single issue, appellant
claims the trial court erred in denying his motion to suppress.  We affirm.

                                                               Background

            During a routine patrol
on June 11, 2004 at approximately 2:47 a.m., Deputy Pepper Sterner of the
Chambers County Sheriff’s Department noticed appellant on a motorcycle 








parked in an unlit church parking
lot.  Deputy Sterner found these circumstances suspicious and turned around to
investigate, but before he arrived at the parking lot, appellant had pulled
onto a five-lane state highway.  Deputy Sterner followed appellant and saw that
he appeared to be arguing with his female passenger, whose arms were
“flaying.”  During this apparent argument, appellant swerved into the center
turn lane two to three times.  In response, Deputy Sterner stopped appellant
and subsequently arrested him for driving while intoxicated.

            Appellant filed a motion
to suppress, arguing that the traffic stop was not justified because there was
no evidence that his swerving was unsafe.  After a hearing, the trial court
denied the motion, appellant entered a plea of guilty, and this appeal
followed.

                                                                    Analysis

            When, as here, the facts
underlying a motion to suppress are undisputed, we review the trial court’s
denial of a motion to suppress de novo.  Cook v. State, 63 S.W.3d 924,
927 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).  A police officer must
have reasonable suspicion of criminal activity to begin an investigative
detention.  See Terry v. Ohio, 392 U.S. 1, 30 (1968); Woods v. State,
956 S.W.2d 33, 35 (Tex. Crim. App. 1997); Eichler v. State, 117 S.W.3d
897, 900 (Tex. App.—Houston [14th Dist.] 2003, no pet.).  We determine the
reasonableness of a temporary detention by examining the totality of the
circumstances.  Woods, 956 S.W.2d at 38; Cook, 63 S.W.3d at 927. 
An officer may lawfully stop and detain a person who commits a traffic
violation.  McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App.
1993); Cook, 63 S.W.3d at 929 n.5.

            The Transportation Code
provides that a driver on a roadway laned for traffic “shall drive as nearly as
practical entirely within a single lane” and “may not move from the lane unless
that movement can be made safely.”  Tex.
Transp. Code Ann. § 545.060(a) (Vernon 1999).  Appellant argues that he
committed no statutory violation to justify the traffic stop.  He claims that,
even though he swerved, it was not unsafe because Deputy Sterner testified that
there were no other vehicles nearby.  We have previously refused to interpret
section 545.060 to generally allow weaving so long as no other vehicles are in
the immediate vicinity.[1] 
Cook, 63 S.W.3d at 928; Gajewski v. State, 944 S.W.2d 450, 453
(Tex. App.—Houston [14th Dist.] 1997, no pet.).  There is no requirement
that a particular statute be violated to give rise to reasonable suspicion.  Cook,
63 S.W.3d at 929 n.5; Gajewski, 944 S.W.2d at 452.  

            “Although not an
inherently illegal act, when the officer observed appellant’s car weaving
between traffic lanes, reasonable suspicion existed to believe appellant was
driving the motor vehicle while intoxicated, or that some activity out of the
ordinary is or has occurred, so as to justify the temporary stop of defendant’s
car.”  Gajewski, 944 S.W.2d at 452; see also Townsend v. State,
813 S.W.2d 181, 185 (Tex. App.—Houston [14th Dist.] 1991, pet. ref’d).  In this
case, appellant was driving his motorcycle early in the morning while arguing
with a passenger and swerving two to three times into a turn lane used by
oncoming traffic.  “We conclude that this sort of behavior is sufficiently unsafe
so that the officer was not required to wait until appellant placed himself or
others in immediate peril as a result of his erratic driving.”  Cook, 63
S.W.3d at 928.  We thus conclude that Deputy Sterner was justified in stopping
appellant.  See Gajewski, 944 S.W.2d at 453 (upholding traffic stop
based on appellant weaving two to three times); see also Townsend, 813
S.W.2d at 185 (“[O]ne of the functions of patrol officers is to investigate
what they reasonably perceive to be erratic or unsafe driving by motorists on
public streets.”).  Therefore, the trial court did not err in denying
appellant’s motion to suppress.  We overrule appellant’s sole 

 

 

issue and affirm the trial court’s
judgment.

 

 

                                                                                    

                                                                        /s/        Leslie
Brock Yates

                                                                                    Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed June 29, 2006.

Panel consists of Chief Justice Hedges and Justices Yates and
Guzman.

Do Not Publish — Tex.
R. App. P. 47.2(b).









[1] 
Appellant relies on two cases to support his argument that the traffic stop was
unjustified because there were no other vehicles in the vicinity.  See Eichler,
117 S.W.3d at 901; Hernandez v. State, 983 S.W.2d 867, 871–72 (Tex.
App.—Austin 1998, pet. ref’d).  These cases are distinguishable because, unlike
here, they both involved only one lane change and no evidence of other unsafe
behavior, such as crossing into a lane used by oncoming traffic and arguing
with a passenger while driving a motorcycle.