# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00569-CR

**Dick Charles Halley, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
NO. C1CR-07-214657, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted Dick Charles Halley of driving while intoxicated, *see* Tex. Penal Code Ann. § 49.04(a) (West 2003), and sentenced him to ten days in jail. In two points of error, Halley argues that the trial court erred in refusing to submit a "probable cause" jury instruction and in denying Halley's motion to suppress certain testimony. We affirm the judgment of the trial court.

On July 21, 2007, Officer Robert Mitchell was stopped in a Taco Cabana parking lot when appellant Dick Charles Halley drove into the parking lot at high speed with tires squealing. Mitchell waved his arms to signal Halley to slow down. Halley stopped and rolled down his window to speak to Mitchell. When Mitchell approached Halley, Mitchell detected a strong odor of alcohol. Suspecting that Halley was intoxicated based on Halley's reckless driving, Mitchell asked Halley to park and get out of the car. Further investigation led Mitchell to determine that Halley was, indeed, intoxicated.

Halley was charged by information with driving while intoxicated.  A jury convicted him and sentenced him to ten days in jail.  Halley argues that the trial court erred in failing to include a "probable cause for the stop" instruction in the jury charge, and in denying his motion to suppress the testimony of Officer Mitchell.

Citing no authority, Halley first argues that the trial court's failure to include a "probable cause for the stop" instruction is reversible error.  According to Halley, Officer Mitchell arrested Halley without a legal basis for the stop, but the jury charge as submitted implied that the stop was reasonable and legal:

> The charge given to the jury implied that if Officer Mitchell walked out in front of Appellant's car as it was traveling through the Taco Cabana parking lot and stopped him only for squealing his car tires and then made observations that would lead a reasonable person to believe that the driver might be intoxicated then the detention was reasonable and legal.

An investigative detention is justified if the officer has a reasonable suspicion that some activity out of the ordinary is occurring or had occurred, there is some suggestion to connect the detained person with the unusual activity, and there is some indication that the activity is related to a crime.  *Townsend v. State*, 813 S.W.2d 181, 185 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (citing *Johnson v. State*, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983)).  The court in *Townsend* further explained:

> Indeed, it can reasonably be argued that one of the functions of patrol officers is to investigate what they reasonably perceive to be erratic or unsafe driving by motorists on public streets.  Upon leaving his vehicle, Officer Scott noticed that appellant's

2

eyes were glassy, there was a strong odor of alcohol on his breath, and appellant failed four field sobriety tests. At this point, Officer Scott had sufficient probable cause to arrest appellant. We overrule appellant's third, fourth, and fifth points of error.

*Id.*

Here, Officer Mitchell observed Halley squeal his tires by turning into a Taco Cabana parking lot at a high rate of speed. Before Halley eventually stopped, he continued driving through the parking lot at a high rate of speed. According to Mitchell, Halley's manner of driving led Mitchell to suspect that Halley was intoxicated. An officer may detain a driver for further investigation based on such reasonable suspicion. *See id.* Here, as in *Townsend*, Mitchell stopped Halley based on erratic and/or reckless driving. As Mitchell investigated further, he smelled the strong odor of alcohol on Halley's breath. Mitchell's report further indicates that Halley's eyes were bloodshot and glassy, that his speech was slurred, and that he was swaying and staggering. Halley failed several field sobriety tests. As in *Townsend*, it was at this point that Officer Mitchell had sufficient probable cause to arrest Halley. *See id.*

In light of these circumstances, Halley complains that the jury was not properly instructed as to "the law of probable cause to conduct a traffic stop." The jury was given the following instruction:

> An officer is permitted to make a temporary investigation detention of a defendant if the officer has reasonable suspicion to do so. The reasonable suspicion required does not rise to the level of probable cause such as is required to justify a warrantless arrest or search. An officer has reasonable suspicion when the officer has specific articulable facts that some activity out of the ordinary is [sic] or has occurred, some suggestion to connect the defendant with the unusual activity, and some indication

3

that the activity is related to a crime. The defendant's conduct does not have to be actually unlawful.

Now, if you believe beyond a reasonable doubt that the officer had a reasonable suspicion to detain the Defendant, Dick Halley, then you will consider the following paragraph. If, however, you do not believe that a reasonable suspicion existed or have a reasonable doubt thereof, then you must acquit the defendant, and so say by your verdict.

The jury was, therefore, instructed as to the reasonable suspicion standard set out above. No probable cause instruction was required. *See Johnson*, 658 S.W.2d at 626. Accordingly, we overrule Halley's first point of error.

Again citing to no authority, Halley also argues that the trial court erred in denying his motion to suppress evidence obtained during the search about which he complains. According to Halley, Officer Mitchell's testimony was "inconsistent and incredible" and, therefore, should have been suppressed. In light of conflicting testimony, the credibility of a witness and the weight to be given to his testimony is a matter to be determined by the jury. Having already found that the search was properly conducted pursuant to the reasonable suspicion standard and that the jury was properly instructed, we also overrule Halley's second point of error.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   August 21, 2009

Do Not Publish

4