

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00593-CR

Michael Isaac **VILLARREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 419099
Honorable Robert Behrens, Judge Presiding

Opinion by:　Luz Elena D. Chapa, Justice

Sitting:　　Patricia O. Alvarez, Justice
　　　　　　Luz Elena D. Chapa, Justice
　　　　　　Jason Pulliam, Justice

Delivered and Filed:　October 5, 2016

AFFIRMED

Michael Isaac Villarreal was convicted by a jury of driving while intoxicated. On appeal, Villarreal argues the trial court erred by denying his motion to suppress. We affirm the trial court's judgment.

## BACKGROUND

On an early Monday morning, San Antonio Police Department (SAPD) officer Erik Rodriguez was patrolling San Antonio. At 2:15 a.m., Officer Rodriguez observed Villarreal's car enter Interstate 410 from Broadway Street. Officer Rodriguez noticed Villarreal "was having

trouble maintaining a single lane." Villarreal's car repeatedly swerved into other lanes and traveled onto the shoulder of the road.

Officer Rodriguez activated his traffic lights to stop Villarreal's car. After the car stopped, Officer Rodriguez approached and asked Villarreal for his driver's license and proof of insurance. Officer Rodriguez immediately noticed a "strong odor of intoxicants," Villarreal's bloodshot eyes, and his slurred speech. He also observed Villarreal struggle with removing his driver's license from his wallet. Villarreal told Officer Rodriguez "I'm drunk" and he had "a lot" to drink. Villarreal exited his car and swayed as he stood in front the officer. Officer Rodriguez conducted three field sobriety tests. He observed six clues of intoxication during the horizontal gaze nystagmus test; eight clues of intoxication during the "walk and turn" test; and three clues of intoxication during the "one-leg stand" test.

Officer Rodriguez then proceeded by arresting Villarreal for driving while intoxicated. He requested Villarreal provide a breath or blood sample and informed Villarreal of the legal consequences of refusing. Those consequences included the admission of testimony about his refusal to provide such a sample at trial and the suspension of his driver's license for at least 180 days. Villarreal refused to provide any sample.

The State charged Villarreal by information with driving while intoxicated, and Villarreal filed a motion to suppress. In his motion to suppress, Villarreal requested the trial court suppress all illegally obtained evidence. He alleged evidence was illegally obtained from an investigative detention without reasonable suspicion, a warrantless arrest without probable cause or exigent circumstances, and an illegal custodial interrogation for which he was not Mirandized and during which he was denied counsel.

At the motion to suppress hearing, Villarreal's counsel "sa[id] on the record that we're going to limit this to the reasonable suspicion for the stop." Officer Rodriguez provided testimony

at the hearing. He testified he is a certified peace officer who had been working for SAPD for nine years. He stated he received training to become a certified peace officer and his training and experience included detection of intoxicated drivers. Based on his training and experience, he explained erratic driving and the time of night are clues a driver is intoxicated. Officer Rodriguez stated he stopped Villarreal at 2:15 a.m.—a time most traffic is due to drivers coming from bars or clubs and a time of night when he made most of his stops and arrests of intoxicated drivers. He further testified he suspected Villarreal was driving while intoxicated and described Villarreal's driving:

> While his vehicle was in motion, he was just in and out of his lane, you know. He was jerking his wheel, I guess, trying to maintain position, but he was having a hard time. He was weaving into the lane next to him to the left, the lane next to him to the right, and, you know, for his safety and possibly others that were also entering the highway probably at the same time, I wanted to check the safety of the driver and make sure he was not intoxicated.

Officer Rodriguez stated he marked on his report he stopped Villarreal for a moving violation. Officer Rodriguez testified "[t]here was no other vehicles on the roadway at the same time, but in my opinion it was still unsafe the way he was driving."

Officer Rodriguez also testified he and Villarreal were driving about sixty miles per hour and he was following Villarreal for approximately sixty to ninety seconds. Officer Rodriguez explained, although he believed Villarreal's driving was unsafe, he did not stop Villarreal immediately to rule out the possibility Villarreal was merely distracted. He stated Villarreal continued to swerve in and out of his lane longer than would someone who had, for example, just dropped a cell phone.

After Villarreal and the State presented argument, the trial court denied Villarreal's motion. The trial court concluded Officer Rodriguez had reasonable suspicion to stop Villarreal. The trial court explained "I don't think the fact that [Officer Rodriguez] decided to stop [Villarreal] for a

traffic violation indicates in and of itself that he didn't suspect [Villarreal] of [driving while intoxicated]."

The case proceeded to a jury trial. Officer Rodriguez was the only witness who testified. Officer Rodriguez testified he observed Villarreal was driving erratically before he stopped him and, after he stopped Villarreal, noticed Villarreal had slurred speech, had bloodshot eyes, and emitted a strong odor of intoxicants. He also testified Villarreal told him "I'm drunk" and he had "a lot" to drink, and Villarreal showed several clues of intoxication during the three field sobriety tests. Villarreal's primary defenses were Officer Rodriguez's stop was illegal because it was not based on reasonable suspicion and his testimony was not credible because of the inconsistencies with his police report and prior testimony at the license-suspension hearing. The jury returned a guilty verdict. The trial court sentenced Villarreal to 180 days of confinement and a $700 fine. The trial court suspended imposition of the sentence and placed Villarreal on adult probation for twelve months. Villarreal appeals.

## MOTION TO SUPPRESS

Villarreal argues the trial court erred by denying his motion to suppress. He argues Officer Rodriguez lacked reasonable suspicion to believe he was driving while intoxicated in violation of the Texas Penal Code or to believe he committed a moving violation under the Texas Transportation Code.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We review a trial court's conclusions of law de novo. *Id.* at 327-28. If a trial court's fact findings are supported by the record or are based on evaluation of witness credibility and demeanor, we afford them almost total deference. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). "The trial judge is the

sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). When no findings of fact and conclusions of law in support of the trial court's ruling on a motion to suppress are requested or made, we view the evidence in a light most favorable to the trial court's ruling and presume the trial court made implied findings that support the ruling. *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016). In this case, findings of fact and conclusions of law in support of the trial court's ruling on the motion to suppress were not requested or made. We must therefore view the evidence in a light most favorable to the trial court's ruling and presume the trial court made implied findings that support the ruling. *See id.*

## B. Reasonable Suspicion

A law enforcement officer may stop and briefly detain a person suspected of criminal activity on reasonable suspicion, which is less information than is constitutionally required for probable cause to arrest. *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). An officer's reasonable suspicion must be based on specific, articulable facts leading the officer, in light of his experience and general knowledge, to reasonably conclude the person detained actually is, has been, or soon will be engaged in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id.* The reasonable suspicion "standard is objective; the subjective intent of the officer conducting the detention is irrelevant." *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011).

### 1. Reasonable Suspicion of Driving While Intoxicated

A person is engaged in criminal activity if he "is intoxicated while operating a motor vehicle in a public place." *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2016). A person is intoxicated when he does "not hav[e] the normal use of mental or physical faculties by reason of

the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." *Id.* § 49.01(2)(A) (West 2011). "[A]n officer may be justified in stopping a vehicle based upon a reasonable suspicion of driving while intoxicated, which is a penal offense." *State v. Alderete*, 314 S.W.3d 469, 473 (Tex. App.—El Paso 2010, pet. ref'd). An officer who has experience in detecting intoxicated drivers and observes a "car weaving in and out of [its] lane several times, over a short distance, late at night" has reasonable suspicion to believe the driver is engaged in criminal activity. *Curtis v. State*, 238 S.W.3d 376, 381 (Tex. Crim. App. 2007); *see Townsend v. State*, 813 S.W.2d 181, 185 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (holding officer who observed driver weaving across several lanes of traffic at 2:00 a.m. had reasonable suspicion); *Rogiers v. State*, No. 04-00-00443-CR, 2001 WL 1131539, at *1 (Tex. App.—San Antonio Sept. 26, 2001, no pet.) (not designated for publication) (holding observation of driver swerving into other lanes gave officer reasonable suspicion to stop driver).[1]

Viewing the evidence in a light most favorable to the trial court's ruling, we may presume the trial court made the following implied findings: Officer Rodriguez is a certified peace officer who has worked at SAPD for nine years; he received training on detecting intoxicated drivers; and he had experience detecting intoxicated drivers. He followed Villarreal's car at 2:15 a.m. for sixty to ninety seconds and observed the car repeatedly weave in and out of its lane. Based on Officer Rodriguez's training and experience, most of the traffic at this time was coming from bars and clubs. Officer Rodriguez observed Villarreal's car weaving in and out of its lane several times, over a short distance, late at night. These specific, articulable facts led Officer Rodriguez, in light

---

[1] Although Villarreal asserts such facts, without more, do not constitute reasonable suspicion to believe a driver is intoxicated, Villarreal cites no authority and his position has been rejected by the Court of Criminal Appeals and this court. *See Curtis*, 238 S.W.3d at 381; *Rogiers*, 2001 WL 1131539, at *1.

of his experience and knowledge, to reasonably conclude Villarreal was engaged in criminal activity. *See Curtis*, 238 S.W.3d at 381; *Townsend*, 813 S.W.2d at 185; *Rogiers*, 2001 WL 1131539, at *1. We therefore hold the trial court correctly concluded Officer Rodriguez had reasonable suspicion to stop Villarreal.

### 2. Reasonable Suspicion of an Offense under the Texas Transportation Code

We "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. Because we hold Officer Rodriguez had reasonable suspicion to believe Villarreal was engaged in criminal activity, Officer Rodriguez had lawful authority to stop and briefly detain Villarreal even if Villarreal did not commit an offense under the Texas Transportation Code. *See Curtis*, 238 S.W.3d at 381; *Townsend*, 813 S.W.2d at 185; *Rogiers*, 2001 WL 1131539, at *1; *see also Held v. State*, 948 S.W.2d 45, 51 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd); *cf. Tex. Dep't of Pub. Safety v. Bell*, 11 S.W.3d 282, 284 (Tex. App.—San Antonio 1999, no pet.). We therefore need not address this argument. *See* R. 47.1.

### CONCLUSION

Villarreal's sole challenge on appeal is the trial court erred by denying his motion to suppress because Officer Rodriguez lacked reasonable suspicion to stop his car. Because Officer Rodriguez observed Villarreal's car weaving in and out of its lane several times, over a short distance, at 2:15 a.m., and based on his experience and training, determined Villarreal was intoxicated, we conclude Officer Rodriguez had reasonable suspicion to stop Villarreal's car. We therefore conclude the trial court properly denied Villarreal's motion to suppress. We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH